No. 29.—JAMES CHANCE, plaintiff in error, vs. JAMES B. BEALL, administrator, &c. defendant.

[1.] Where a contract for the sale of land is in writing—is certain—and fair in all its parts—is for an adequate consideration, and capable of being performed, it is just as much a matter of course for a Court of Equity to decree a specific performance of it as it is for a Court of Law to give damages for it in other cases.

[2.] The Act of 1799, authorizing and empowering executors and adminis-
trators to make titles to land where the vendor dies, is permissive only,
and not imperative.

In Equity, from Baker.   Decided by Judge ALEXANDER
A. ALLEN, May Term, 1856.

James Chance filed his bill, alleging that on the 15th day
of October, in the year 1850, he purchased from Greenville
Spence, then in life, but since deceased, certain lands in the
8th district of Baker County, to-wit: the south-east corner
of lot No. 84, consisting of seventy-five acres, and the whole
of lot No. 85, except thirty-five acres in the south-east cor-
ner, and containing, in the aggregate, 290 acres, more or
less; for which he gave Spence his two promissory notes, for
$600 each, and received from him a bond conditioned to make
titles, upon the payment of the said notes; that before the
payment of the purchase money and the conveyance of title,
the vendor, Spence, died; and that James B. Beall qualified
as his administrator and possessed himself of his estate, and
also of the said two promissory notes; and that afterwards
the complainant, Chance, paid the money due thereon to said
administrator, and demanded the title according to the pro-
visions of said bond, which last the said administrator refused
to give.   Prayer for specific performance, &c.

The defendant answered the bill admitting these facts, but
refuses to make the conveyance required of him as adminis-
trator, because, he says, that "from his information, received
from complainant himself in divers conversations, (and?) from
advice which he has received, that said Chance did enter into
a treaty for the purchase of portions of lots of land situate
in the County of Baker, and of the district the eighth, to-
wit: all that part of lot of land No. eighty-five, lying north-
west of a large pond situate there, containing two hundred
acres, more or less, and of lot of land No. eighty-four, sev-
enty-five acres, situate in the south-east corner of said lot of
land, and not said portions of lots of land as described in

complainant's said bill of complaint, and as described in said. exhibit marked A, attached as aforesaid to said bill of com- plaint." And farther, "that he is advised, informed and: believes, that said Chance and Spence, after agreeing upon the terms of sale of said portion of lots of land as are described in this defendant's answer to complainant's bill, and they being unable to draw in proper form a bond to' make titles, called upon and selected Mr. William Bassett of said State and County, to draw the said bond; for they and the said William, not fully understanding the true original contract, proceeded to draw up and deliver to said Chance, and Spence then and there confiding in him, a bond to make titles to the. parts of land as were described therein." And farther, de- fendant says "that he believes said bond does not carry out the original contract, as intended by both Chance and Spence,. as he is advised and believes, and does not agree with the. terms of the original contract between said parties, as here- inbefore described and expressed."

Defendant makes a tender of the conveyance of the land,. as by him described in his answer, and different from the de- scription contained in the bond of his intestate.

The cause went to trial upon the bill and answer, which were read to the Jury; and thereupon, Counsel for defendant. moved the Court to dismiss said bill for want of equity; and after argument had, the Court sustained the motion and or- dered the bill dismissed. Complainant excepted, and assigns the same as error.

M. G. SLAUGHTER, for plaintiff in error.

W. E. SMITH, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] While it is true that it is discretionary with Courts of Equity to decree a specific performance or turn the parties. over to their remedy at Law, yet, it will be found that in just.

such a case as this, where the contract is in writing and is certain, and is fair in all its parts, and is for an adequate consideration, and is capable of being performed, it is as much a matter of course for Courts of Equity to decree a specific performance, as it is for a Court of Law to give damages for the breach of a contract.

[2.] It is argued that there was an ample remedy at Law, in this case, under the Act of 1799, (*Prince*, 230,) authorizing and empowering executors and administrators to make titles where the vendor dies. But that Act is permissive only and not imperative. And in this very case, the administrator refused, and still refuses, to convey.