Denson v. Denson et al.

94  525
s97  359
94  525
†109 304

1. Where equity, under §3187 of the code, would enforce the specific performance of a contract for the sale of land by reason of the purchaser's entering into possession and paying a part of the purchase money, it will secure the enjoyment of the land to the purchaser so long as he is in no default in making payment of the balance.

2. Thus, where a husband and wife owning land, for the purpose of dividing the same among their children and a daughter-in-law who

was the wife of a deceased son, and allowing each his or her portion, caused the land to be divided into separate parcels and placed the daughter-in-law in possession of one of them, she then and there agreeing to pay to the owners annually while they lived a fixed sum for their support, or such part of that sum as they might demand, and she occupied the land set apart to her for ten years, complying during this period with the terms of her agreement, upon equitable principles she had the right as against the owners to retain possession so long as she continued to comply with such agreement, although the actual value of the premises for rent greatly exceeded the annuity she was to pay; and the owners having evicted her from the premises, an action by her against them to recover possession for the purpose of carrying out the original agreement was maintainable, the question arising upon a general demurrer admitting the facts as alleged. In such action she would also be entitled to recover any excess of rents and profits received by the owners while they were in possession, over and above the amount of the annuities accruing to them during that time.                                        *Judgment reversed.*

April 23, 1894. Argued at the last term.

Equitable petition. Before Judge SMITH. Twiggs superior court. April term, 1893.

To the petition of Mrs. M. E. Denson against J. H. and Elizabeth Denson, the defendants demurred generally, and the demurrer was sustained. Petitioner alleged, that many years ago she married J. B. Denson, a son of the defendants, and he died, leaving her and two children. Afterwards, in 1879, defendants decided to divide their lands and to allow to each child his or her portion, it being agreed on the part of the children that each would contribute a certain sum annually for the support and maintenance of their parents. To this end certain citizens were selected to admeasure and lay off the lands into as many equal parts according to valuation as there were children, which being done, the several parcels were designated on slips of paper which were placed in a receptacle from which each should obtain his or her portion. The portion drawn by petitioner is described; and she alleges that she immediately went into possession thereof by her tenants, and

used and occupied the same openly, peaceably and continuously for the ten years from 1880 to 1889 inclusive, and received the rents therefrom. In receiving said land, she agreed as aforesaid to pay defendants during their lives $105 annually as a support, if they should require that much, and if not, then such sum less as they should desire; and during each and all of the said years she did pay $105 or just such sum as defendants demanded. For all of the said years she paid the taxes on the lands, the same in most instances being returned for taxation by J. H. Denson, or one of his sons as his agent. Said land having been given to her by defendants, and she having faithfully performed all of her obligations touching the same, she *bona fide* claims title thereto by virtue of said gift coupled with ten years possession, and in consideration of paying the annuity aforesaid. But in 1890 defendants ousted her and took possession of the lands, and have since had possession, and refuse to deliver the same to her or to pay her the profits thereof. She prays that the lands may be decreed to be her property, and that she may have judgment against defendants for the rents and profits, less the annuity due by her to them, and that a fair and just account of the property on the one hand and annuity on the other may be had, and all the rights of the parties be determined and settled.

L. D. MOORE, for plaintiff.

F. CHAMBERS, for defendants.