EPPS, executor, *v.* STORY.

1. A contract between a father and a daughter, by the terms of which she was to pay to him annually a stated sum, and also to board him four months of each year while he lived, and, in consideration of so doing, was to have as her own a designated parcel of land belong to the father, of which she and her husband were in possession, was, though in parol, irrevocable by the father after substantial performance by the daughter during a considerable period of time.
2. If, in lieu of the annuity due to the father under such a contract, the daughter in one or more years boarded him for a time in excess of the stipulated four months, he not demanding from her any cash, and if his board during such period was worth more than the amount of the annuity, these facts would warrant a finding that there had been a novation of the terms of the original agreement, satisfactory to the parties.
3. Where a contract of the nature above indicated has been made and mutually carried out for a considerable space of time during which the daughter, upon the faith of the contract, has caused valuable and permanent improvements to be placed on the land, her failure to continue to board the father, if due to no fault on her part, would not of itself operate as a rescission of the contract.
4. The charges complained of were substantially correct, and were applicable to the undisputed facts disclosed by the record.
5. The verdict was sufficiently supported by the evidence, and there was no error in denying a new trial.

Argued October 31, — Decided November 29, 1899.

Ejectment. Before Judge Spence. Marion superior court. April term, 1899.

*Brannon, Hatcher & Martin,* for plaintiff.
*W. D. Crawford,* for defendant.

LEWIS, J. This action of ejectment was brought by J. W. Epps, as executor of C. W. Epps, against Ada F. Story and Joseph Story. Joseph Story disclaimed title to the land sued for; and Ada F. Story filed an answer, denying the allegations in plaintiff's petition, and claiming title to the property by virtue of a parol contract. The jury returned a verdict for the defendant, and the plaintiff excepts to the judgment of the court overruling his motion for a new trial.

1. There is no material conflict of evidence bearing upon the issues of fact in this case. The evidence was amply sufficient to authorize the conclusion by the jury that the defend-

ant and her father, the testator, entered into the following contract: The father manifested a desire to divide equally among his three children certain lands of his estate, and for this purpose laid off these lands into three equal parts. He placed each child in possession of his and her respective portions. This was done with the understanding between the father and children that each child, including the defendant, should pay to the father thirty dollars a year, and keep him four months, that is one third of each year, as long as he lived. On the faith of this agreement, the defendant entered into possession of her portion of the land, and complied with her agreement by supporting her father and providing board for him at her home for a longer period of time than that required by the contract. She did not, however, pay him the annuity of thirty dollars per year, for the reason that she took care of him at her own home for a longer period of time than she was obliged to do under her contract, and at an expense largely in excess of that annuity. For this reason he demanded no cash from her. On the faith of this contract valuable and permanent improvements, in the way of houses, etc., were erected on the place. The land was fertilized, much of it cleared at considerable expense, thus making the land more productive, and other repairs were made on the place which enhanced its value. The performance of her part of the contract continued for a considerable space of time, when her father, without any cause so far as is developed by the testimony, left her home, and sought a rescission of the contract, instituting proceedings by dispossessory warrant to oust the defendant. It appears from the record that the evidence on the trial was sufficient to establish such a contract as contemplated and described in the foregoing headnotes. There can be no question that a contract of this sort between a father and child is irrevocable by him. Section 4037 of the Civil Code, in reference to parol contracts for land, declares: "Full payment alone, accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved in each case to be done with reference to the parol contract, will be sufficient part performance to justify a decree." Section 4039

declares, in effect, that if possession of lands has been given under a parol agreement, upon a meritorious consideration, and valuable improvements made upon the faith thereof, equity will decree a specific performance of the agreement. It appears in the present case that there has not only been partial performance of the contract, accompanied with possession, but upon the faith of it valuable improvements have also been made, and that any failure to fully perform the contract was without any fault whatever on the part of the defendant.

This is not a case, then, where the defendant insists upon her right of possession and her title to the premises in dispute by a mere voluntary agreement or gratuitous promise on the part of her father. It is well recognized that a specific performance of such an agreement could not be decreed. Yet it is equally well established that if possession be delivered in pursuance of such agreement, upon a meritorious consideration, and valuable improvements made on the land by reason of faith in that promise or agreement, the father, at his option, can not rescind his agreement or revoke the gift. *Hughes* v. *Hughes*, 72 *Ga.* 174. Title by prescription growing out of adverse possession by a child of lands of the parent for seven years is based upon the conclusive presumption of a gift. That provision of law has no application to this case, for the principle above cited applies although the donee has not held seven years. See 72 *Ga.* 178, where a charge of the court below enunciating that principle was affirmed. The facts in *Denson* v. *Denson*, 94 *Ga.* 525–6, are very similar to those developed by the record in the present case. It appeared there that the parents, husband and wife, divided their land among their children and a daughter-in-law, allowing each his and her portion; caused the land to be divided into separate parcels, and placed the daughter-in-law in possession of one of them, she agreeing to pay the owners annually a fixed sum for their support, and she occupied the land for several years, complying with the terms of her agreement. The original owners evicted her from the premises. It was held that although the actual value of the premises for rent greatly exceeded the annuity she was to pay, she could maintain an action for the recovery back

of the land against the husband and wife for the purpose of carrying out the original agreement.

The contention in this case, that the evidence tended to show the parent did not intend for the gift of this land to go into effect until his death, and that therefore the scheme of the agreement was testamentary in its character and could not be enforced, we do not think is at all sustained by the record. There is some testimony to the effect that the father intended to treat the land as a home for himself during his life, but the agreement actually made clearly explains what he meant by such a home; each child being obligated to furnish him for a specified time annually a support, and a place of abode on the premises. Besides, a reservation by a grantor of a certain limited interest in property for his life does not prevent the conveyance of property from taking effect in presenti. For example, one person can deed land to another and reserve in himself a life-estate, yet the deed would convey an immediate interest and title to the fee in remainder.

2. It is contended in this case, however, that there was no compliance by the defendant with her contract, in that she did not pay the annuity of thirty dollars per annum stipulated in the agreement. The reason why this annuity was not paid is because the defendant furnished her father a home, and took care of and provided for him at considerable expense, he being at the time blind, and needing more than usual attention, and this service extended over a much longer period of time than the contract required. It was shown that this extra expense amounted to more than the annuity, and that for this reason the father made no demand on his daughter for the cash payment stipulated in the contract. We think there was sufficient evidence for the jury to infer a novation of the terms of the original agreement to the entire satisfaction of both the parties.

3. It appears from the testimony that after the father had boarded with his daughter for a space of fourteen months upon the faith of the contract that he had made with her, and after she had fully complied with all her obligations, as above indicated, he left her home of his own accord, without any cause or provocation whatever so far as was developed by the evi-

dence. There is no pretence that the defendant did not stand ready to continue the faithful discharge of her duties under the contract during the lifetime of her father. Her failure to continue to board the father, it appearing that it was due to no fault whatever on her part, but was solely the result of his voluntary act in leaving her home, would not, of course, itself operate as a rescission of the contract.

4, 5. There are several grounds in the motion complaining of certain charges of the court. After a review of these alleged grounds of error, we are satisfied that the charges complained of were substantially correct, and that the charge, taken as a whole, was full and fair, and clearly applicable to the undisputed facts disclosed by the record. The verdict was sufficiently supported by the testimony, and hence the court did not err in denying a new trial.

*Judgment affirmed. All the Justices concurring.*