## CHRISTIAN *v.* BREMER *et al.*

JENKINS, Presiding Justice. 1. Where the issues in an equitable proceeding, which sets forth several grounds for equitable jurisdiction, and which asks for an injunction and the appointment of a receiver and other relief, were referred to an auditor after the granting of a temporary restraining order, and where the petition was not amended so as thereby to strike therefrom the grounds setting forth equitable jurisdiction or the prayers for equitable relief, but where the temporary restraining order previously granted remained operative, the mere fact that in the hearing before the auditor no additional equitable relief was sought, did not convert the action into one at law, so as to require the judge of the superior court to approve and submit to a jury exceptions of fact filed to the auditor's report. It has been held that this rule would still obtain, even though, upon the submission of the issues to the auditor, there had been an agreement whereby all questions were eliminated save issues of fact, and evidence upon those questions alone was submitted to the auditor. *Stone* v. *Risner,* 111 *Ga.* 809 (35 S. E. 648). Accordingly, the judge did not err in refusing to approve and submit to a jury the exceptions of fact to the auditor's report.

2. "When error is assigned upon the refusal of the judge to approve an exception of fact to an auditor's report in an equity case, the burden is upon the plaintiff in error to show to the satisfaction of the Supreme Court that the finding of the auditor is unsupported by evidence, the presumption being that the finding is correct; and where it does not distinctly appear that the finding is unsupported, the judgment refusing to approve the exceptions of fact will be affirmed. The rule is well settled that in equity cases this court will not interfere with the discretion of a trial judge in overruling exceptions of fact to an auditor's report, unless it appears there has been a manifest abuse of such discretion." *Crim* v. *Alston,* 169 *Ga.* 852 (3) (151 S. E. 807), and cit.

3. Novation of the terms of an oral contract may be inferred by the actions and course of dealings of the parties evidencing consent to the altered requirements as to performance, when a consideration is afforded by such performance. See *Epps* v. *Story,* 109 *Ga.* 302 (2), 305 (34 S. E. 662); Code, § 20-116. Accordingly, where a landowner and a builder, shortly after the commencement of construction under an oral building contract between them, and at all times thereafter, disregarded those terms of the contract which made the builder an independent contractor, and where, upon default by the owner in providing for the financing of labor as agreed, the builder abandoned construction and the owner took over the management of the work, giving direction to the workmen and ordering and paying for additional or other material, and the builder instructed the workmen to do whatever the owner requested, a finding that the parties, by their mutual course of dealings, changed the terms of the original contract, and that the relationship of master and servant was substituted, was authorized. In *Robinson* v. *Reese,* 175 *Ga.* 574 (4), 578 (165 S. E. 744), under similar circumstances, an agency was held to have been created. A more elaborate statement of the facts on which this division of the syllabus is based will be found in the statement of facts following the syllabus.

4. The relationship of master and servant existing between the owner and the builder, it follows that the master became liable for the acts of the servant as his agent within the scope of his employment, and therefore was subject to a personal judgment, and his property was subject to liens for the labor and materials which had been furnished to him through such servant, and of which he had received the benefit. The owner was also liable for that portion of the material which had been furnished on the owner's own personal order. The judge did not err in sustaining the auditor in so finding, or in sustaining his judgment setting up a lien on the property for the construction of which the material was furnished. See *Robinson* v. *Reese,* 175 *Ga.* 574, 580 (5) (supra); *Coweta Falls Mfg. Co.* v. *Rogers,* 19 *Ga.* 416 (3) (65 Am. D. 602); *Savannah & Western R. Co.* v. *Phillips,* 90 *Ga.* 829 (3) (17 S. E. 82); 40 C. J. 138, § 152; 2 Jones on Liens (3d ed.), § 1513a; Rockel on Mechanics Liens, § 66.

5. To entitle a materialman to a single lien on several houses, being simultaneously built under one operation, for material furnished generally for them all, and to be used indiscriminately among them as needed, it is not necessary for such materialman to prove just what material went into any particular house, provided it be shown that the material was delivered under such order. See Maryland Brick Co. *v.* Spilman, 76 Md. 337 (25 Atl. 297, 17 L. R. A. 599, 35 Am. St. R. 431).

6. Exception is taken to the judgment approving the auditor's finding of equitable liens in favor of various laborers and materialmen. Even though it be conceded that the petitioners were not entitled to equitable liens (see *Williams* v. *Jay,* 173 *Ga.* 372, 160 S. E. 426), nevertheless, the mere fact that the auditor called them "equitable liens," when in fact they were statutory liens asserted in an equitable action, would not vitiate them when they were authorized to be, and were actually, set

up as statutory liens. The auditor so found, and the liens not being incorporated in the record, we can not say that the trial judge erred in approving this finding of the auditor, and in overruling the exception.

7. This court can not pass upon an exception to a finding that certain liens were not filed within the statutory period, when the record here contains no evidence, by invoices, delivery receipts, or otherwise, showing when materials were delivered, nor any evidence showing when the liens were filed.

8. Exception is taken to the allowance of $1000 as fees for reporting the evidence and for the auditor's services. The record does not show what part of this amount was for reporting the evidence, which was done by the auditor himself, and what part was for the auditor's fee. The record was voluminous. The Code, § 10-501, limits the fees for reporting the evidence to $500. The record does not disclose any proof as to the number of words reported, and this court can not, therefore, undertake to pass upon any amount less than the maximum permitted. This would leave the auditor's fee at $500. The above Code section provides a scale of fees to the auditor based upon the amount involved. From the record here it can not be determined what was the actual amount involved. In *Loveless v. McCollum*, 185 *Ga.* 751 (2) (196 S. E. 428), the court said: "He who alleges error must demonstrate it. In determining the amount involved, within the meaning of the Code, § 10-501, with reference to the fixing of the auditor's fee, the court must look not alone to the final conclusion of the auditor as to the amount found, where an accounting is prayed for." Accordingly, it can not be said that the court erred in awarding the fees for reporting the evidence and for the auditor's services in making his findings, rulings, proceedings, and conclusions.

9. It being conceded that the judgment in favor of Southern States Iron Roofing Company was entered in error, as this claim had been paid pending the litigation, direction is given that the judgment be modified accordingly.

*Judgment affirmed, with direction. All the Justices concur.*

No. 15068. APRIL 3, 1945. REHEARING DENIED MAY 12, 1945.

*Gazan, Walsh & Bernstein,* for plaintiff in error.

*Aaron Kravitch, Phyllis Kravitch, O. E. Bright, Wylly & Javetz,* and *Andrew J. Ryan Jr.,* contra.