## BLANTON et al. v. WILLIAMS.

DUCKWORTH, Chief Justice. The petition to require specific performance of a contract for the sale of land shows: a contract to that effect which describes the land and states the consideration and also payment of $1000 on the purchase price, and alleges various other expenditures [9] including $50 for extra excavation paid to the defendant, $35 for waterproofing the walls of the basement, $11.27 for insulation, and $40 for plans and specifications for the house, all of which show the good faith of

the petitioners. The house is virtually completed and, if petitioners make no complaint about it, the defendant has no right to do so. The law, common justice, and equity demand that the defendant perform obligations in reliance upon which these petitioners have spent money for the benefit of the defendant. We refuse to consume time and space uselessly by going into all the detailed ramifications of this deal, since the above recited allegations are adequate to show a right to the relief sought, and it was error to sustain the demurrer. *Chance* v. *Beall,* 20 *Ga.* 142; *Clark* v. *Cagle,* 141 *Ga.* 703 (82 S. E. 21); *Muller* v. *Cooper,* 165 *Ga.* 439 (141 S. E. 300); *Baker* v. *Lilienthal,* 176 *Ga.* 802 (169 S. E. 28); *Jenkins* v. *Evans,* 202 *Ga.* 423 (43 S. E. 2d, 501); *Redmond* v. *Sinclair Refining Co.,* 204 *Ga.* 699 (51 S. E. 2d, 409).

(a) The main ground upon which counsel for the seller bases the contention that the contract is unenforceable because of its indefiniteness is the portion wherein it is provided that the balance of the purchase price of $10,000 shall be payable $4000 in cash and the seller will get the purchaser a G.I. loan for the remaining $6000 or, if he is unable to do that, then seller will loan this amount to the purchaser. Dates of maturity, interest rate and monthly payments are not given. But the offer of the purchaser to pay cash is a waiver of this provision which is for his benefit and he has a right to waive it. This waiver eliminates that portion of the contract relating to the loan, including its indefiniteness. Also, the buyers' willingness to accept the house renders immaterial all indefiniteness in its specifications contained in the contract.

*Judgment reversed. All the Justices concur.*

No. 17805. Argued March 11, 1952—Decided April 16, 1952.

*Johnson, Hatcher, Rhudy & Myerson,* for plaintiffs.
*Fine & Efurd,* for defendant.