### ROSEMAN, executor, *v.* WRIGHT.

DUCKWORTH, Chief Justice. This case, seeking a decree that the petitioner is the equitable owner of a life estate in described realty, was previously before the Supreme Court. *Wright* v. *Roseman,* 209 *Ga.* 176 (71 S. E. 2d, 426). It was there held that the evidence of the petitioner was sufficient to have carried the case to the jury, and consequently the granting of a nonsuit was erroneous. On another trial, the jury returned a verdict for the petitioner. The defendant's amended motion for a new trial was overruled, and he excepted. *Held:*

1. The general grounds of the motion for new trial, not being argued or insisted on, are considered abandoned. *Clarke* v. *State,* 207 *Ga.* 116 (3) (60 S. E. 2d, 333); *Finney* v. *Blalock,* 208 *Ga.* 218 (5) (65 S. E. 2d, 920).

2. The charge of the court, that the burden of proof which rests upon the petitioner in this case is to produce evidence which is so strong, clear, and satisfactory as to leave no reasonable doubt in the minds of the jury as to her contentions in reference to this contract, was a correct and applicable principle of law, and was not subject to the criticism that it amounted to the expression of an opinion on the part of the

court that the petitioner had established the alleged contract. Code, § 37-802; *Patrick* v. *Holliday*, 200 *Ga.* 259 (2) (36 S. E. 2d, 769).

3. The charge that, if the jury believed from the evidence that the decedent and the petitioner entered into a valid oral agreement, that after the petitioner substantially complied with the agreement, the decedent could not, as a matter of law, revoke her rights to the possession of the house by the execution of a will, was not subject to the criticism that it was argumentative or that it misled the jury into the belief that, by entering the house with a view of performing the contract, the petitioner had substantially complied therewith. *Epps* v. *Story*, 109 *Ga.* 302 (1) (34 S. E. 662).

4. The charge, giving the form of verdicts which might be returned, that, if the jury should come to the conclusion that the petitioner had proven her contentions as to the contract to their satisfaction beyond a reasonable doubt, they would find for the petitioner, was not subject to the criticism that the instruction "erroneously invested the jury with judicial power to determine what constituted reasonable doubt without any guiding principle or applicable instruction of the court." If the plaintiff in error desired a more complete charge on reasonable doubt, he should have made an appropriate request therefor.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18173. Submitted April 14, 1953—Decided May 12, 1953.

*Winfield P. Jones* and *Charles H. Hyatt*, for plaintiff in error.
*Mildred L. Kingloff* and *Frank A. Bowers*, contra.