18663.   WHITEWAY NEON-AD., INC., *et al. v.* MADDOX.

A<small>RGUED</small> J<small>ULY</small> 13, 1954—D<small>ECIDED</small> S<small>EPTEMBER</small> 14, 1954.

*Thomas B. Branch, Jr., Arnold S. Kaye,* for plaintiff in error.
*Lokey, Bowden & Rolleston, Hamilton Lokey, Wm. R. Harp,*
contra.

MOBLEY, Justice. Counsel for the defendants state in their brief: "There are only two questions for decision: 1. Does the plaintiff's petition set forth a cause of action good against general demurrer? 2. Did the trial court err in striking the defendant Whiteway Neon-Ad., Inc.'s defense of impossibility of performance?"

■ The defendants Levin Neon Company, Inc., and Sol Levin demurred to the petition as amended on the ground that it did not set forth any cause of action in law or in equity against these defendants. The defendant Whiteway Neon-Ad., Inc., demurred to the petition as amended upon the grounds: (1) It does not set forth any cause of action in law or equity against defendant. (2) The contract is too general, vague, and indefinite to support an action for specific performance because: (a) It fails to specify

the exact dimensions, the color, the advertising copy to be used, the kind or type of materials from which the sign should be fabricated, whether it was to be an electric-light or neon sign or a combination of both, the position in which it should be hung; fails to fix the depth or thickness of the sign or the type and kind of copy to be used. (b) The contract recites "copy to be as shown on a sketch which has been initialed and approved by the lessee," but the petition fails to attach the document therein referred to. (c) The contract is too vague, general, and indefinite for the reason it fails to set forth any fixed time for the contract to commence or terminate.

The agreement under consideration is a lease contract, covering an electrical advertising display fabricated to petitioner's special order. The size of the sign was to be approximately 5 feet in height and 26 feet in width, and was to hang below a display advertising Bailey's Supreme Coffee on a designated piece of land controlled by the defendants. The contract, which was dated February 5, 1953, was for a term of three years, with the right in petitioner to renew for another two-year period.

Under a reasonable construction of the allegations of the amended petition, to the effect that the sign had already been fabricated and partially erected, and that petitioner repeatedly demanded that defendants complete the erection of the sign, petitioner was willing to accept the sign that had been fabricated to his special order. The insistence by counsel for defendants that the contract was indefinite is controlled adversely to them by the decision in *Blanton* v. *Williams*, 209 *Ga.* 16 (70 S. E. 2d 461), where this court said, "the buyers' willingness to accept the house renders immaterial all indefiniteness in its specifications contained in the contract."

Another insistence is that the petitioner is not entitled to specific performance because the maintenance provisions of the contract call for personal services over a period of from three to five years. Taking the allegations of the amended petition to be true, as must be done on general demurrer, the thing that gives the contract a unique character is that the sign was to be placed upon a specific piece of real property over which the defendants had control, and the question of maintenance is only incidentally involved. It seems that the defendants in drawing the contract

placed little or no importance upon maintenance, since it was provided that in the event the petitioner should default under the terms of the contract, and fail or refuse for any reason to make monthly payments therein set forth, then it was specifically understood and agreed that the liquidated damages for such breach would be the sum of the unpaid balance on the contract less the amount of electrical current that would have been used during the term of the lease. There was no such default clause in the contract to cover a breach by the defendants. In *Black* v. *Milner Hotels*, 194 *Ga.* 828 (22 S. E. 2d 780), this court affirmed a judgment decreeing specific performance of a lease wherein the lessor agreed to maintain the hotel building and equipment from one to five years. The maintenance services the defendants agreed to perform in the present case were small as compared to those in *Black* v. *Milner Hotels*, supra.

The allegations of the petition as amended—to the effect that the contract was fair to both parties, and that, while the sign was of tremendous value to petitioner as an advertising medium, and worth far more to him than the agreed rental of $160 per month, it would be difficult to establish with exactitude its value to him and his business—were sufficient to set forth the value of the services to be rendered.

It follows that the allegations of the amended petition—to the effect that the parties signed a written contract for the erection and maintenance of an electric neon sign, that had been fabricated to petitioner's special order, on designated land controlled by defendant, which location was of great value to petitioner for purposes of advertising his business because there was no other location where such sign would be seen by as many people who would be influenced to trade with him, and that, after the sign had been partially erected, the defendants took it down and refused to comply with their contract—were sufficient to set forth a cause of action for specific performance of the contract, and, accordingly, the trial court did not err in overruling the general demurrers to the amended petition. Code § 37-801; *F. & W. Grand Stores* v. *Eiseman*, 160 *Ga.* 321 (7) (127 S. E. 872).

■ The defendant Whiteway Neon-Ad., Inc., set forth in its answer as amended that it was without assets, funds, or employees with which to perform the contract sued upon, and for that

reason it was impossible for it to perform. These averments were stricken on demurrer as constituting no defense.

Equity will not decree specific performance of a wholly impossible act, for the reason that it will not decree a useless thing. However, the contract under review is not a lease of a sign to be fabricated and then placed upon the petitioner's property. If it were, it could be duplicated by other sign makers. The thing that gives this contract a unique character, as pointed out above, is that the sign was to be placed upon a specific piece of real property over which the defendants have control.

"The vendor seeking specific performance shall show an ability to comply substantially with his contract in every part and as to all the property; but a want of title or other inability as to part shall not be a good answer to the vendee seeking performance, who is willing to accept title to the part, receiving compensation for the other. If the defects in the vendor's title shall be trifling, or comparatively small, equity shall decree at his instance, granting compensation for such defects." Code § 37-806.

The decision in *Phinizy* v. *Guernsey,* 111 *Ga.* 346 (3) (36 S. E. 796, 50 L. R. A. 680, 78 Am. St. R. 207), involved a vendor who contracted to sell a house and lot. Before delivery of the deed the house burned. This court said on p. 354: "We have no hesitancy in holding that the vendee in a case like the present is entitled to have a conveyance made to him of the land and compensation for the loss of the building, provided the loss thus sustained is capable of computation. If the plaintiff sustains his allegations, a decree should be entered, that the defendants convey to him the land which was the subject-matter of the contract, and that the purchase-price be abated in such an amount as is just and reasonable in view of the changed condition of the property."

Taking to be true the averments of the amended answer of the defendant Whiteway Neon-Ad., Inc., that it was without assets, funds, or employees with which to perform the contract—they do not set forth any reason why it could not comply with the main part of the contract, by allowing the petitioner to place upon the realty in question the sign alleged to have been fabricated or another sign, the petitioner to be compensated for having to erect the sign by such an amount as is just and reasonable.

Furthermore, the amended answer does not set forth a valid defense, for the reason that the amended petition alleges that the defendant Whiteway Neon-Ad., Inc. fraudulently transferred its assets to the defendant Levin Neon Co., Inc., both of the corporations being owned and controlled by Sol Levin, in order to put its assets beyond the reach of court process, and the amended answer does not aver that the latter defendants have no assets with which they could carry out the contract.

Other averments in the amended answer of Whiteway Neon-Ad., Inc., that were stricken on demurrer, to the effect that it could not perform the contract because it had entered into other contracts with the Southland Coffee Company, not having been argued or insisted upon in this court, will be treated as abandoned. See, in this connection, *Roseman* v. *Wright*, 209 *Ga.* 748 (1) (76 S. E. 2d 7); *Anglin* v. *Anglin*, 209 *Ga.* 823 (2) (76 S. E. 2d 498).

Applying the above-stated legal principles to the pleadings under consideration, the trial court did not err in sustaining the petitioner's demurrer to the portion of the amended answer of the defendant Whiteway Neon-Ad., Inc., which set forth that it was impossible for it to perform the contract.

*Judgment affirmed. All the Justices concur.*