19101. WHITEWAY NEON-AD., INC., et al. v. MADDOX.

ARGUED SEPTEMBER 16, 1955—DECIDED OCTOBER 13, 1955.

*Arnold S. Kaye, Thomas B. Branch, Jr.,* for plaintiffs in error. *Lokey & Bowden, Hamilton Lokey,* contra.

ALMAND, Justice. Lester Maddox, doing business as The Pickrick, filed a suit againt Whiteway Neon-Ad., Inc., seeking the specific performance of a contract for the fabrication, erection, and maintenance of a described advertising sign at a specified location in the City of Atlanta. The general and certain special demurrers of the defendant were overruled, and the plaintiff's demurrers to two affirmative defenses of the defendant were sustained. This court reviewed and affirmed these rulings in *Whiteway Neon-Ad., Inc.* v. *Maddox,* 211 *Ga.* 27 (83 S. E. 2d 676), where the pleadings are stated in detail. On the return of the case to the trial court, that court disallowed a proffered amendment to the defendant's answer. On the trial before the court and a jury, counsel for each party at the conclusion of the evidence made a motion for a directed verdict. The motion of the plaintiff was granted, and on a verdict directed in his favor the court entered a decree requiring the defendant to specifically perform its contract by proceeding "immediately to carry out the terms and conditions of the contract relative to the construction, erection and maintenance of the neon sign referred to in said contract. Defendant Whiteway Neon-Ad, Inc., shall complete the erection of said neon sign and place same in full operation in accordance with the terms of said contract on or before thirty days from the effective date of this final decree." The defendant's motions, for a judgment notwithstanding the verdict and for a new trial, were denied, and it assigns error on these orders.

■ Error is assigned on the refusal of the court to allow an amendment offered by the defendant in its answer. In this amendment, the defendant alleged that, prior to the making of the contract, it had leased and surrendered possession of the premises where the sign was to be erected to a named party, and that such party should be made a party defendant, so that the rights and duties of all parties could be declared in one action.

It was not error to disallow this amendment, for the reason that it sought to set up the same affirmative defense, viz., impossibility of performance, that was set up by the previous

amendment to the defendant's answer, and was stricken on demurrer. That ruling became the law of the case, preventing the defendant from again setting up the same defense.

■ It is insisted that the evidence was insufficient to prove the plaintiff's allegations, and that in all events it was error to direct a verdict in favor of the plaintiff. It is insisted that the evidence was insufficient to show that the contract between the parties was sufficiently definite, as to size and dimensions of the advertising sign, to authorize a decree. The undisputed evidence shows that, after the contract was entered into, the defendant began the fabrication and construction of the sign on the agreed terms, and after it was 25% completed, the defendant stopped work on the same. The evidence likewise shows that the sign, partially completed, was the one described in the sketch inserted in the contract between the parties, and was satisfactory and acceptable to the plaintiff, and that, though the plaintiff urged the defendant to proceed with the completion of the sign, the defendant removed the same. The plaintiff's willingness to accept the sign as partially completed, under our ruling when the case was here before, rendered immaterial all indefiniteness in the specifications contained in the contract. Compare *Blanton* v. *Williams*, 209 *Ga.* 16 (70 S. E. 2d 461).

We have carefully reviewed all the evidence in this case. The plaintiff proved his claim as laid. The evidence shows without dispute that, after the contract was made, the defendant partially completed the construction and erection of the sign, and without any valid reason refused to complete the same. The fact that the partially completed sign was removed by the defendant and could not be located, affords no valid excuse for refusing performance of the contract. The verdict for the plaintiff being demanded, it was not error for the trial court to direct a verdict in favor of the plaintiff, and to subsequently deny the defendant's motion for a judgment notwithstanding the verdict and the motion for a new trial.

■ The exception to the portion of the decree above set out, as being too vague, general, indefinite, erroneous, and contrary to law, is without merit. The decree, when construed with the pleading in the case (*Stanfield* v. *Downing Co.*, 186 *Ga.* 568, 199 S. E. 113), is sufficiently definite to inform the defendant what it

is required to do, viz., perform its contract with the plaintiff according to its terms.

*Judgment affirmed. All the Justices concur.*