44561.   ASHBURN BANK v. CHILDRESS.
44562.   CITIZENS BANK OF ASHBURN v. CHILDRESS.

JORDAN, Presiding Judge.   The Ashburn Bank and the Citizens Bank of Ashburn commenced substantially identical actions in Terrell Superior Court, each to recover on virtually identical unconditional promissory demand notes for $6,675, the one to the Ashburn Bank bearing a date of November 13, 1965, and the other bearing a date of November 15, 1965, the defendant having failed to pay the notes after demand in writing.   In answer to each action the defendant relies solely on a defense of "failure of consideration", the defense being based on allegations to the effect that the defendant executed each note solely for the purpose of making funds available for operating capital of a certain corporation, in which he was an officer and stockholder and which never commenced profitable operations.   The evidence before the court for purposes of summary judgment reveals without dispute that the defendant executed the notes and that as consideration the corporation received the proceeds, in the form of bank deposits with the knowledge and consent of the defendant, and that thereafter the balance of the deposit not otherwise used by the corporation was applied in partial satisfaction of an outstanding indebtedness of the corporation to plaintiffs as evidenced by a promissory note.   Each of the plaintiff banks appeals from the denial of a motion for summary judgment.   *Held:*

We reverse.   "Parol evidence is inadmissible to add to, take from, or vary a written contract."   *Code* § 20-704(1).   Each of the notes is an unconditional promise by the defendant to pay a sum certain on demand.   See UCC §§ 3-105, 3-106, 3-108; *Code Ann.* §§ 109A-3—105, 109A-3—106, 109A-3—108.   Each payee qualifies as a holder in good faith for value in due course.   See UCC §§ 3-301, 3-302; *Code Ann.* §§ 109A-3—301, 109A-3—302.   A payee takes for value by making an irrevocable payment of the consideration to a third person at the direction of the maker.   See UCC § 3-303 (c); *Code Ann.* § 109A-3—303.   In general, a defense of want or failure of consideration is available only against a person who does not have the rights of a holder in due course.   See UCC §§ 3-305, 3-306(c); *Code Ann.* §§ 109A-3—305, 109A-3—306.

It being undisputed that the defendant executed the notes as an individual to provide proceeds which were in fact paid to the corporation with his knowledge and consent, the defendant is in no better position than if he had personally received the proceeds. Whatever limitations were intended as to the purpose of making available to the corporation, and the right of a bank to recover the funds to satisfy an outstanding indebtedness of the corporation, as well as any disputed issues of fact in this respect, are immaterial and not available to the defendant as a defense of "failure of consideration" to defeat the right of each bank to enforce its written agreement with the defendant, as evidenced by each of the notes. The records clearly disclose the absence of any valid defense to the actions.

*Judgments reversed. Hall and Whitman, JJ., concur.*

ARGUED JULY 9, 1969—DECIDED NOVEMBER 12, 1969.

*John R. Rogers,* for appellants.