## 59582. DOVE et al. v. FEDERAL DEPOSIT INSURANCE CORPORATION.

SOGNIER, Judge.

After sending the proper notice for expenses and attorney fees, Federal Deposit Insurance Corp. (FDIC) sued Dennis R. Dove and John L. Tyra seeking recovery on a note for $25,000 jointly executed by appellants on July 7, 1976 and delivered to the Hamilton Bank and Trust Co. Hamilton Bank was placed in receivership and FDIC purchased the note from the receiver. On October 29, 1976 appellant Dove sent a check for $562.50 to Hamilton for interest due on October 5, 1976. This was received and deposited by FDIC. The $25,000 principal remained due and payable. Appellants answered setting up prior renewals of the subject note, and alleging an agreement by Hamilton to renew upon payment of interest and to convert the note to 60 monthly installments bearing interest at nine percent. This agreement was alleged to be in writing upon the face of the note, or alternatively to be an oral agreement. In addition, appellant Tyra pleaded accord and satisfaction and counterclaimed for a lease commission due from Hamilton as a setoff. FDIC filed a motion for summary judgment which was sustained against defendants on the main issue and on the counterclaim and setoff. On appeal, appellants claim questions of fact existed in regard to the actual transfer of the note to FDIC, the alleged renewal agreement, the alleged accord and satisfaction and the counterclaim and setoff.

12 USCA § 1823 (e) provides, in pertinent part: "No agreement which tends to diminish or defeat the right, title or interest of the Corporation [FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank." This section sets forth the requirements to diminish or defeat the rights, title or interest of FDIC in the subject note. These provisions are not provided to impair an existing contract but merely to provide a degree of proof which we consider prudent and not burdensome on the part of contenders against the interest of the FDIC. Suffice it to say the alleged agreement to renew fails to constitute a binding agreement with Hamilton under *any* standards, much less those of

Title 12 § 1823 (e). *West v. Federal Deposit Ins. Corp.,* 149 Ga. App. 342 (254 SE2d 392) (1979).

The affidavit filed by FDIC supports the purchase of the note by FDIC and no question of fact remains in that regard. The alleged plea of accord and satisfaction fails to constitute a viable defense, and all pleadings and admissions show only the payment of $562.50 interest.

The counterclaim and setoff of Tyra must be made against FDIC as receiver, as its capacity in the instant case is *qua* corporation and not as receiver, two distinct entities under the law (Federal Deposit Ins. Corp. v. Vogel, 437 FSupp. 660 (1977)), and such claim must be filed against the receiver and payment sought from such assets as the receiver holds. Federal Deposit Ins. Corp. v. Vogel, supra. The trial court correctly sustained FDIC's motion for summary judgment against the defendant on both the main bill and the counterclaim and setoff.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED MARCH 5, 1980 — DECIDED
MAY 19, 1980.

*Mark J. Siskin, Caryl Wildstein Cohen, Eugene W. Harper, Jr.,* for appellants.

*Jerry B. Blackstock, Gary M. Cooper,* for appellee.