## 60579. SLOCUMB et al. v. FEDERAL DEPOSIT INSURANCE CORPORATION.

CARLEY, Judge.

On or about June 15, 1976, appellant signed a blank note payable to Toney Brothers Bank (Bank). The note, bearing appellant's signature as maker, was taken by her now ex-husband to the Bank, where the blanks were filled in with the appropriate figures and language. Appellant's husband added his signature to the note and his account in the Bank was then credited with $45,000, the amount of the loan evidenced by the note.

Subsequently, the Bank experienced financial difficulties and on January 5, 1979, the Georgia Department of Banking and Finance assumed exclusive possession, custody and control of the Bank's assets. Thereafter, pursuant to Code Ann. § 41A-702 (c), the Superior Court of Colquitt County appointed the appellee-Federal Deposit Insurance Corporation (FDIC) as the Bank's receiver. On January 6, 1979, the superior court approved an order for the FDIC, in its capacity as receiver, to sell, assign and transfer certain assets of the Bank to the FDIC in its corporate capacity. The note bearing appellant's signature was among those assets of the Bank taken by the FDIC pursuant to the order. The FDIC then made formal demand on appellant and her former husband for the unpaid balance due under the promissory note. When payment was not forthcoming the FDIC, in its corporate capacity, instituted suit against appellant and her ex-husband for the unpaid principal and interest due on the note and attorney fees. Appellant answered and raised several defenses, including the following: "[T]here was no consideration . . . in that she received no benefit at all in return for her signature"; "mistake [in] that at the time she signed said promissory note she was under the impression that this was strictly for a corporate loan of Moultrie Loan Co. and at the time she signed the note the same was totally blank as to time, date, amount, finance charge or any other information other than the printed note itself"; "her signature was given solely for the purpose of acquiring a loan for the benefit of Moultrie Loan Co., a corporation"; "she [has] not assented to the terms of the contract in that said contract was blank and [she] never consented to the terms of said contract as typed in after said signing." The case proceeded to trial, where, at the close of all the evidence, the trial court directed a verdict for the FDIC against both appellant and her former husband. Slocumb appeals.

Appellant contends that the trial court erred in directing a verdict for the FDIC "as the evidence did not demand a finding that the [FDIC] is a holder in due course with respect to the promissory

note sued upon." Appellant's argument is, in essence, that the FDIC was not a holder in due course of the note which bears her signature and that, therefore, she was entitled to have the jury consider her defenses to enforcement of the instrument. In this argument she relies upon Georgia cases interpreting the commercial paper law of this state. However, federal law controls in cases involving the rights of the FDIC. FDIC v. Vineyard, 346 FSupp. 489 (N.D. Tex. 1972). Where, as here, the FDIC has acquired in its corporate capacity the assets of an insured bank the applicable federal law is 12 USC § 1823 (e), which provides, in part: "No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank."

"12 USC § 1823 (e) and the case law decided thereunder allow the FDIC in its corporate capacity to ignore oral agreements which tend to diminish or defeat its right, title or interest in any asset acquired by it in a purchase and assumption agreement. This law is based not on a theory of holder in due course status but, rather, on a federal public policy protecting the institution of banking." Dasco, Inc. v. American City Bank & Trust Co., 429 FSupp. 767, 770 (D. Nev. 1977). "While the FDIC is not a holder in due course, it does retain a favored status in the law." FDIC v. Webb, 464 FSupp. 520, 524 (E. D. Tenn. 1978). "[T]he FDIC, although not technically a holder in due course . . ., is clothed with the same defenses available to a holder in due course." FDIC v. Lesselyoung, 476 FSupp. 938, 946 (E. D. Wisc. 1979). "[A]lthough the FDIC, in its corporate capacity, is not a holder in due course within the meaning of that term under the Uniform Commercial Code, Congress intended by means of section 1823 to clothe the Corporation with the protections afforded a holder in due course and shield the Corporation against many defenses that would otherwise be available. This is the purpose and effect of this section." FDIC v. Rockelman, 460 FSupp. 999, 1003 (E. D. Wisc. 1978).

Thus, we find appellant's argument, predicated as it is upon the issue of whether or not the FDIC is a holder in due course under the Uniform Commercial Code of this state, to be unavailing. Even though the FDIC may not be a holder in due course within the

meaning of Code Ann. § 109A-3—301 et seq., it is clear that the FDIC has a preferred status equivalent to (e). "Any references to holder in due course status are . . . irrelevant since the statutory framework relied on . . . is based on the federal public policy protecting the institution of banking." FDIC v. Smith, 466 FSupp. 843, 845 (N. D. Ga. 1979). The FDIC's favored status, equivalent to that of a holder in due course, is unassailable and appellant's position that a verdict was erroneously directed because that status remained in question is untenable.

We, therefore, reach the conclusion that the directed verdict in favor of the FDIC was proper unless appellant's defenses to liability on the note were such as could be raised against one having the status of a holder in due course. "[O]nly a certain class of defenses are available against the FDIC in its corporate capacity. Those defenses, e.g., fraud in the factum, are the so-called 'real defenses' of the type outlined in the Uniform Commercial Code § 3-305 . . ." FDIC v. Balistreri, 470 FSupp. 752, 756 (E. D. Wisc. 1979). A review of appellant's answer and the evidence introduced at trial demonstrates that no defense assertable under Code Ann. § 109A-3—305 against one having holder in due course status was raised. *Ashburn Bank v. Childress,* 120 Ga. App. 632 (171 SE2d 768) (1969). See also *Bostwick Banking Co. v. Arnold,* 227 Ga. 18 (178 SE2d 890) (1970). It was not error to grant the motion of the FDIC for directed verdict.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 16, 1980 — DECIDED DECEMBER 4, 1980 — REHEARING DENIED DECEMBER 16, 1980 —

*Larkin M. Fowler, Jr.,* for appellants.
*Sam J. Gardner, Jr., Larry K. Butler,* for appellee.