62997. FEDERAL DEPOSIT INSURANCE CORPORATION v. JONES.

McMURRAY, Presiding Judge.

This is the second appearance of this case in this court involving a suit on a promissory note. See *Jones v. Federal Deposit Ins. Corp.,* 151 Ga. App. 619 (260 SE2d 751). In that case this court determined that the Federal Deposit Insurance Corporation (FDIC), as receiver, was suing defendant upon the note in question to collect an asset of the Hamilton Bank and Trust Company, the failed bank. In that case Jones, the defendant in the trial court, was appealing the grant of summary judgment in favor of FDIC. This court held that because the FDIC was suing in its capacity as receiver rather than its corporate capacity, 12 USCA § 1823 (e) was inapplicable so that certain defenses based on an accord and satisfaction and setoff remained for jury determination. A question of notice under Georgia law also remained. See Code Ann. § 41A-803 (Ga. L. 1974, pp. 705, 769).

Since the previous appearance of the case sub judice before this court the FDIC has submitted in the trial court additional affidavits and an amended complaint seeking to establish that the action is brought by the FDIC *in its corporate capacity rather than as receiver,* having purchased the note in question. After submitting this additional material to the trial court the FDIC once again moved for summary judgment, which motion was denied. The FDIC then petitioned for interlocutory review of the order denying the latest motion for summary judgment. This court in reviewing FDIC's petition for interlocutory appeal became apprehensive that the trial judge was under the misimpression that a second motion for summary judgment could not be granted after one such motion had been granted and reversed by this court. This is, of course, contrary to *Graham Bros. Const. Co. v. Seaboard C. L. R. Co.,* 150 Ga. App. 193,

195 (2) (257 SE2d 321). We, therefore, granted a petition for interlocutory appeal, and the case sub judice is now before us in this posture. *Held:*

The FDIC has presented additional affidavits and filed an amended complaint in its efforts to establish that the note in question had been transferred from FDIC as receiver to FDIC in its corporate capacity *prior to the initiation of this action and that the FDIC intended to bring this action in its corporate capacity rather than as receiver.*

We are thus concerned as to whether FDIC since our previous decision in the case sub judice has amended its complaint so as to alter the parties to this action by changing the plaintiff from the FDIC as receiver to the FDIC in its corporate capacity. Generally, under the Civil Practice Act a change of parties is not permitted save under the supervision of the trial court. Code Ann. § 81A-121 (Ga. L. 1966, pp. 609, 632) permits the dropping and adding of parties only by order of the court on motion of any party or by the court sua sponte. *Clover Realty Co. v. Todd,* 237 Ga. 821, 822 (229 SE2d 649). In the case sub judice there has been no order of the trial court permitting the change of capacity, if such approval be necessary.

Generally, the "FDIC as Receiver and the FDIC as a corporation are to be treated as separate parties." FDIC v. Rockelman, 460 FSupp. 999, 1002 (4), and cits. However, in *C & S Land, Transp. &c. Corp. v. Yarbrough,* 153 Ga. App. 644, 648-650 (266 SE2d 508), in a suit by minority stockholders an amendment to add another count by the stockholders in their individual capacity "without first obtaining an order of court allowing such an amendment," was improperly dismissed in the trial court in that we held a new party had not been added. In the case sub judice we prefer to follow the ruling in that case holding that permission of the court was not necessary in the filing of the amendment. The analogy here is the same. There the stockholders changed their minority capacity to sue in their individual capacity. Here, FDIC merely changed its capacity as receiver to its individual corporate capacity. Accordingly, no other permission was necessary under Code Ann. §. 81A-121, supra.

We proceed to consideration of the case applying 12 USCA § 1823 (e) which allows the FDIC when it has purchased assets in its corporate capacity to disregard oral agreements with the failed bank which would diminish or defeat its interest in any assets so purchased. We are no longer controlled by the law of the case in *Jones v. Federal Deposit Ins. Corp.,* 151 Ga. App. 619, 620 (2), supra, inasmuch as the evidence now before us is that the promissory note was not being collected by FDIC in its capacity as receiver but in its corporate capacity. No written agreement has been shown

diminishing or defeating the right, title or interest of the FDIC in the asset acquired by it. Consequently, the plaintiff is entitled to summary judgment and the trial court erred in failing to grant same. *Dove v. Federal Deposit Ins. Corp.*, 154 Ga. App. 667, 668 (269 SE2d 516); *Slocumb v. Federal Deposit Ins. Corp.*, 156 Ga. App. 821, 822-823 (275 SE2d 760).

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 31, 1982.

*Frank M. Hull,* for appellant.
*Steven W. Ludwick,* for appellee.