### S96A0510. BELLAMY et al. v. RESOLUTION TRUST CORPORATION.

(469 SE2d 182)

CARLEY, Justice.

The Bellamys conveyed certain property to Sunflower Properties, Inc. to use as collateral for a construction loan from Southern Federal Savings Association of Georgia, and Sunflower executed a security deed in favor of Southern. Thereafter, the construction loan went into default, and RTC was appointed receiver of Southern. As a result of litigation between Sunflower and the Bellamys, Sunflower was ordered to reconvey the property to the Bellamys, and Sunflower complied by executing a limited warranty deed. Several months later,

RTC instituted foreclosure proceedings, was the successful bidder, and in due course executed to itself a deed under power of sale. Subsequently, RTC brought this dispossessory action against the Bellamys to evict them from the property. The Bellamys filed counterclaims seeking to set aside the deed executed by RTC based upon fraud on the part of Southern. The Bellamys alleged that representatives of Southern told them at closing that the construction loan to Sunflower would be rolled over into a first mortgage upon completion of the construction and that the property would be returned to them within six months, when Southern knew at the time that this representation was not true. RTC filed a motion to dismiss contending that 12 USC § 1823 (e) shields it from such claims of fraud unless any alleged agreement was in writing. The trial court held that the motion to dismiss was converted into a motion for summary judgment, which the court granted. It is from this order that the Bellamys appeal.

1. The Bellamys contend that genuine issues of material fact exist as to whether 12 USC § 1823 (e) applies.

Under § 1823 (e), "[n]o agreement which tends to diminish or defeat the interest of [RTC] in any asset acquired by it . . . as receiver . . . shall be valid against [RTC] unless such agreement . . . is in writing" and meets certain other requirements. The term "agreement" in § 1823 (e) includes not only express promises to perform in the future, but also express and implied conditions upon performance. *Langley v. FDIC*, 484 U. S. 86, 91 (II) (A) (108 SC 396, 98 LE2d 340) (1987). Thus, regardless of whether the alleged oral agreement here included an express promise by Southern or a condition on the Bellamys' liability to Southern upon reconveyance of the property, that agreement is not binding under § 1823 (e). See *Dove v. FDIC*, 154 Ga. App. 667 (269 SE2d 516) (1980) (alleged agreement to renew and to convert a note was not binding agreement under the standards of § 1823 (e) or any other standards).

Neither fraud in the inducement nor knowledge by the RTC is relevant to application of § 1823 (e), although fraud in the factum would be. *Langley*, supra at 93 (II) (B). See *Slocumb v. FDIC*, 156 Ga. App. 821, 823 (275 SE2d 760) (1980). However, the Bellamys have not alleged fraud in the factum, "that is, the sort of fraud that procures a party's signature to an instrument without knowledge of its true nature or contents. . . ." *Langley*, supra at 93.

It follows that the Bellamys have shown, at best, only an oral agreement which, pursuant to § 1823 (e), would be unenforceable against RTC and, therefore, RTC was entitled to summary judgment. *FDIC v. Jones*, 161 Ga. App. 867, 868-869 (291 SE2d 70) (1982).

2. The Bellamys contend that the trial court should not have granted summary judgment prior to ruling on their motion to compel.

Section 1823 (e) plainly requires a writing executed by Southern *and* the Bellamys. "[H]ad the necessary writing been executed, [the Bellamys] would obviously be aware of the fact and capable of alleging it specifically." *Oliver v. Resolution Trust Corp.*, 747 FSupp. 1351, 1353 (E.D. Mo. 1990). However, the Bellamys have alleged no such written agreement and they now admit that no written agreement exists. Thus, although we do not generally condone the grant of summary judgment while a motion to compel discovery is pending, reversal is not required because the requested discovery could not have added anything of substance to the Bellamys' claims. *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga. App. 481, 484 (4) (445 SE2d 297) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1996.

*Kessler & Sparks, Michael A. Kessler,* for appellants.
*Michael D. Johnson, Mack, Williams, Haygood & McLean, Curtis L. Mack,* for appellee.

