A98A2219. BELLAMY et al. v. SUNFLOWER PROPERTIES, INC. et al.

(523 SE2d 659)

MCMURRAY, Presiding Judge.

In 1991, appellants-plaintiffs Kenneth Bellamy and Ivory Bellamy conveyed title to certain unimproved land in Fayette County to appellee-defendant Sunflower Properties, Inc. ("Sunflower"). Sunflower, in turn, used the land as collateral for a construction loan from Southern Federal Savings Association of Georgia to build a home for the Bellamys, executing a security deed in favor of Southern. Subsequently, the construction loan was defaulted upon, and

Resolution Trust Corporation ("RTC") was appointed receiver.[1] Disputes also arose between the parties, and Sunflower filed suit against the Bellamys in the Superior Court of Fayette County in *Sunflower Properties v. Bellamy*, Civil Action File No. 92V-0868(W) ("*Bellamy I*"), for, among other things, their failure to pay Sunflower amounts owing under the construction contract and performing unauthorized work on the property. The Bellamys counterclaimed also seeking monetary damages for breach of contract and "specific performance of [Sunflower's] contractual obligation to convey title to the land back to them. . . ." The jury returned a verdict awarding $6,000 to Sunflower and "clear title" to the property to the Bellamys, finding that "both [Sunflower] and the [Bellamys] breached the contract by failing to comply with terms of contract." In rendering its judgment on the jury verdict, the trial court ordered the jury's $6,000 award to Sunflower be made the judgment of the court; however, rather than ordering Sunflower to convey clear title in the property to the Bellamys, the trial court ordered Sunflower to convey title upon the Bellamys' claim for specific performance of the contract in this respect. Paragraph 7 (d) of the parties' construction contract pertinently provides: "This Construction Contract, Construction Loan, Closing Costs and purchase of building lot to be funded by proceeds from mortgage loan and cash from owner."

The Bellamys brought the instant action (Civil Action File No. 98V-0285(M)) against Sunflower seeking damages for breach of the general warranty of title contained in the deed given in satisfaction of the foregoing judgment for Sunflower's transfer of title to the property subject to Southern's lien. Sunflower's answer and counterclaim included affirmative defenses of res judicata and collateral estoppel and a counterclaim for reformation of the deed. The instant appeal[2] is from the trial court's grant of summary judgment in favor of Sunflower upon Sunflower's motion to dismiss by virtue of the doctrine of res judicata and motion for summary judgment. *Held*:

1. The Bellamys contend that the superior court erred in finding that *Bellamy I* was res judicata as to their liability to pay Southern's

---

[1] RTC later obtained title to the property under power of sale and evicted the Bellamys from the property by dispossessory action affirmed on appeal to the Supreme Court of Georgia. See *Bellamy v. Resolution Trust Corp.*, 266 Ga. 630 (469 SE2d 182).

[2] We initially transferred this case to the Supreme Court of Georgia construing it to be an equity case presenting the question of the propriety of equitable relief in the form of reformation of the deed in issue. See *McGhee v. Johnson*, 268 Ga. 731, 732 (492 SE2d 893); *Electronic Data Systems Corp. v. Heinemann*, 268 Ga. 755, 756 (1) (493 SE2d 132); *Saxton v. Coastal Dialysis &c.*, 267 Ga. 177, 178 (476 SE2d 587). See also *Curry v. Curry*, 267 Ga. 66, 67 (473 SE2d 760); *Layfield v. Sanford*, 247 Ga. 92, 93 (274 SE2d 450). Subsequently, however, the Supreme Court returned the appeal to this Court, concluding that the appeal involves questions of contract construction and the doctrine of res judicata rather than equity or title to land.

construction loan. While the jury awarded the Bellamys "clear title" to the property by its verdict in *Bellamy I*, the judgment on the verdict made clear that the sole relief granted the Bellamys by the litigation was specific performance by and between the parties, including Sunflower's contractual obligation to convey title to the land. This Sunflower did subject to restrictions of record thereon. In their brief on appeal, the Bellamys acknowledge their obligation to pay the Southern loan under the construction contract as decided adversely to them in *Bellamy I*. They argue, however, that res judicata does not foreclose reversal of the grant of summary judgment to Sunflower since their entitlement to clear title to the property was not litigated in the *Bellamy I* trial. This argument notwithstanding, we conclude that entry of judgment on the verdict reconciling the jury's verdict as it related to the question of title to the Bellamys' claim for specific performance in *Bellamy I* decided the title issue. This being so, such judgment on the verdict requiring specific performance of the construction contract by and between the parties, inclusive of Sunflower's obligation to convey title under the terms of the contract, became the law of the case, foreclosing further consideration of the issue in the case sub judice under the doctrine of res judicata. OCGA § 9-12-40; *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865-866 (1) (463 SE2d 5) (doctrine of res judicata prevents relitigation of all claims previously adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action).

2. The superior court did not err in ruling that the judgment on the verdict in *Bellamy I* ordered specific performance of the contract to convey title rather than the conveyance of clear title to the property. The record reflects that the trial court therein merely conformed the jury's verdict to the Bellamys' pleadings and the evident intent of the jury. In this regard,

> [a] trial court has authority to amend a verdict in matters of form, or to put it in such shape as to speak the true intent of the jury in accordance with the pleadings and the evidence; but it does not have authority to write a new verdict different from the one returned by the jury. *Davis v. Wright*, 194 Ga. 1 (4) (21 SE2d 88) (1942).

*Purcell v. C. Goldstein & Sons, Inc.*, 264 Ga. 443, 444 (2) (448 SE2d 174). Apart from the Bellamys' pleadings in *Bellamy I*, it is apparent on the face of the jury's verdict that it intended the terms of the construction contract to be adhered to since it found both parties were in breach of the construction contract and tailored its awards to the parties accordingly. Moreover, the Bellamys, having sought specific per-

formance, cannot be heard to complain at not having received more than specific performance. See *Whiteway Neon-Ad. v. Maddox*, 211 Ga. 915, 917-918 (3) (89 SE2d 650).

3. Neither did the superior court err in ruling the Bellamys were responsible to pay the construction loan Southern provided Sunflower. We have held that the trial court in *Bellamy I* properly conformed the jury's verdict to the pleadings and the evident intent of the jury. The construction contract entered into by the parties expressly obligated the Bellamys to pay the Southern loan, and, as we have noted, the Bellamys concede as much by their brief on appeal. This claim of error is without merit.

4. Finally, the Bellamys contend that the superior court erred in granting summary judgment to Sunflower relying upon the validity of their claims of error, as above. Our review of the record indicates that the Bellamys offered no evidence in opposition to Sunflower's motion for summary judgment. There is no evidence showing discharge of the price of the house as called for in the construction contract. Neither is there a dispute that the Bellamys were required to pay the purchase price of the house as a condition to receiving title to the property. In this regard, Kenneth Bellamy testified by affidavit that "[Sunflower] was to build a house and deed the property back to [him] upon payment of the purchase price."

Accordingly, in light of our disposition of Divisions 1, 2 and 3 and construing the evidence most favorably to the Bellamys de novo, we conclude that this claim of error is likewise without merit. OCGA § 9-11-56 (e); *Adams v. Sears, Roebuck & Co.*, 227 Ga. App. 695, 696-697 (1) (490 SE2d 150).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 20, 1999 —
RECONSIDERATION DENIED NOVEMBER 3, 1999 — 

*Michael Kessler*, for appellants.
*John W. Mrosek*, for appellees.