### ADAMS & JOHNSON *v.* BRANAN.

1. A plea that the maturity of the account sued on had been extended by the plaintiff to a time subsequent to the institution of the suit, and that the suit was prematurely brought, is a plea in abatement. *Horne* v. *Rodgers*, 103 *Ga.* 649 ; *Goodrich* v. *Atlanta Assn.*, 96 *Ga.* 803 ; *Alexander* v. *State*, 56 *Ga.* 478 (1).
2. A plea in abatement is a dilatory plea, and must be filed at the first term, unless failure to do so is shown to be the result of unavoidable cause. Civil Code, §§ 4128, 5058.
3. Where no excuse is shown for the delay, it is too late to file such a plea in abatement in the superior court on the appeal of a case from the county court ; and the court erred in overruling the motion to strike the plea in abatement on the ground that it was filed too late. *Berry* v. *Cooper*, 28 *Ga.* 543 ; *Horne* v. *Rodgers*, 103 *Ga.* 649.

Argued June 11, —Decided July 12, 1904.

Complaint. Before Judge Holden. Wilkinson superior court. October 6, 1903.

*E. P. Johnston, Hardeman & Jones*, and *Davis & Turner*, for plaintiffs.

EVANS, J. This was a suit upon an open account, brought in the county court, and filed in that court on November 13, 1902. The defendant denied the alleged indebtedness, and, on an appeal to the superior court from the judgment of the county court, offered an amendment, which was allowed, in which he set up as an additional defense that the plaintiff had extended the maturity of the account until October 1, 1902. Both parties, in the court below and also in this court, treated the time mentioned in the plea as that to which payment had been extended as though it were a date subsequent to the bringing of the suit, and we have accord-

ingly passed upon the questions raised in the record as to the propriety of allowing this plea to be filed, as appears from the principles enunciated in the headnotes.   In point of fact, the special plea alleges that the maturity of the account was extended to October 1, 1902, a date prior to the institution of the suit.   If the date named in the plea be the true date to which payment of the account had been extended, the suit was brought after that time.   In either event the judgment of the court below was wrong, and the verdict is accordingly set aside and a new trial ordered.                    *Judgment reversed.   All the Justices concur.*