### 26684. KENT *v.* FIRST NATIONAL BANK OF ATLANTA, administrator.

STEPHENS, P. J. 1. An agreement in accord and satisfaction of a note is not a satisfaction of the debt unless it is so expressly agreed between the parties, or the new promise is founded on a new consideration, or unless the agreement in accord and satisfaction has been executed. Code, § 20-1201; *Farkas* v. *Third National Bank*, 133 *Ga.* 755 (66 S. E. 926, 26 L. R. A. (N. S.) 496); *Foy-Adams Co.* v. *Smith*, 19 *Ga. App.* 172 (91 S. E. 242). An agreement between a debtor and a creditor by which the debt, which is secured by a deed to real estate, is to be paid in a certain designated number of monthly instalments, and that the creditor agrees to extend the payment of the debt upon said terms, that the creditor should collect the rents for the premises, which the creditor did, but that should the debtor default in the payment of the "payments above set out" the whole amount shall become due and collectible, and the terms and conditions of the loan deed securing the original debt shall remain in full force and effect "except as to this extension agreement," where it is not expressly agreed that this agreement itself is in satisfaction of the original indebtedness, and there is no new consideration for the creditor's promise, and the agreement is not executed, does not constitute a satisfaction of the original debt. The agreement is one by which the time of payment of the original debt is extended and payment is provided for in instalments.

2. In a suit on the original note, filed before the expiration of the period of extension as provided in the contract of extension, an amendment to the defendant's plea, setting up the contract above referred to as a bar to the suit filed by the defendant, but in which it is not alleged that the contract has been executed by the defendant's compliance with his obligations to pay the instalments provided for, or that the defendant does not owe the debt to the plaintiff, does not constitute a plea in bar,

but constitutes a dilatory plea in abatement in that the suit is prematurely brought. The court did not err in striking the plea on the ground that it did not constitute a plea in bar, but that it was a dilatory plea in abatement and was filed too late in that it was filed after the expiration of the first term. *Horne* v. *Rodgers,* 103 *Ga.* 649 (30 S. E. 562); *Adams* v. *Branan,* 120 *Ga.* 530 (48 S. E. 128); *Jester* v. *Bainbridge State Bank,* 4 *Ga. App.* 469 (61 S. E. 926); *Brenard Manufacturing Co.* v. *Kingston Supply Co.,* 22 *Ga. App.* 280 (95 S. E. 1028); *Redman* v. *Woods,* 42 *Ga. App.* 713 (157 S. E. 252).

3. The defendant's original plea which was a mere general denial of the allegations of the plaintiff's petition, including a denial of the allegations that the note sued on provided for attorney's fees and that the plaintiff had given the required statutory notice of the intention to bring suit on the note and ask for a judgment for attorney's fees, but which contained no plea of non est factum, amounted to an admission of the execution of the note and constituted a plea denying only the allegations of the plaintiff's petition respecting attorney's fees. The court did not err in striking this plea except in so far as it amounted to a denial of the allegations of the petition as respected attorney's fees.

4. The verdict and judgment for the plaintiff in the amount of the note sued on, including an amount representing attorney's fees, was not error on the ground that the court erred in sustaining the demurrers to the defendant's original plea and to the amendment thereto, and in striking a portion of the defendant's original plea and the defendant's amendment thereto.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED FEBRUARY 24, 1938. REHEARING DENIED APRIL 1, 1938.

*Lowndes Calhoun,* for plaintiff in error.
*Brandon, Hynds & Tindall, Furman Smith,* contra.