19150.   MAGUIRE *v.* IVEY.

Argued November 14, 1955—Decided January 10, 1956.

153

*Thomas L. Slappey*, for plaintiff in error.
*Scott Walters, Walters & Roberts*, contra.

MOBLEY, Justice. The allegations of the present petition—to the effect that in the early part of 1954 defendant agreed that petitioner discontinue making monthly payments as defendant was on the road, and that subsequently petitioner, upon being told where defendant again could receive his mail, mailed him a check in an amount sufficient to bring the monthly payments up to date, which check was returned to him—failed to allege mutual departure from the terms of the contract and payment or receipt of money under such departure so as to come within the provisions of Code § 20-116, which provides: "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement."

The above Code section is a codification of headnote 2 of *Eaves & Collins* v. *Cherokee Iron Co.*, 73 *Ga.* 459, which is as follows: "When a contract is in writing, each party has a right to expect the other to do precisely what he promises; but if, in the course of the execution of its terms—the carrying them into practical execution in a continuous business—some of these terms are departed from, and money is paid and received on that departure for some time, then, before the one can recover from the other for failure to pursue the letter of the agreement, he must notify him with clearness of his purpose thenceforth to stand on the original contract. Until such notice, the departure is a sort of new agreement."

Clearly the present case fails to come within the terms of said

Code section because it is not alleged that in the course of the execution of the contract the parties departed from its terms, and paid and received money under such departure. See in this connection *Kennesaw Guano Co.* v. *Miles & Co.,* 132 *Ga.* 763 (64 S. E. 1087); *Massachusetts Benefit Life Assn.* v. *Robinson,* 104 *Ga.* 256 (3) (30 S. E. 918, 42 L. R. A. 26); *Hasbrouck* v. *Bondurant & McKinnon,* 127 *Ga.* 220 (2) (56 S. E. 241); *Morrison* v. *Roberts,* 195 *Ga.* 45, 46 (2) (23 S. E. 2d 164).

Nor did the allegations allege a new agreement based on a valid consideration so as to come within the provisions of Code § 20-115, which provides: "One simple contract as to the same matter, and on no new consideration, does not destroy another between the same parties."

In order to allege a novation it would be necessary to show that another contract containing other and different terms from the original contract had been agreed upon and that there was a consideration for the novation. The plaintiff failed to allege a novation because no consideration for the new contract was set forth and the terms of the new agreement were indefinite and uncertain. *Collier Estate* v. *Murray,* 145 *Ga.* 834, 851 (90 S. E. 52); *Christian* v. *Bremer,* 199 *Ga.* 285 (3) (34 S. E. 2d 40); *Williams* v. *Rowe Banking Co.,* 205 *Ga.* 770 (55 S. E. 2d 123); *Quillian* v. *Mabry,* 88 *Ga. App.* 817 (2) (78 S. E. 2d 97).

Accordingly, the trial court erred in overruling the defendant's general demurrer to the petition, thus rendering further proceedings nugatory.

*Judgment reversed. All the Justices concur.*