### 38392. OBERDORFER v. SMITH.

DECIDED SEPTEMBER 8, 1960.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Welborn B. Cody, Robert G. Hunt,* for plaintiff in error.

*Joseph B. Kilbride, J. Donnaly Smith,* contra.

BELL, Judge. The sole question to be decided in this case is whether the trustee can be held liable individually on the contract which he has negotiated on behalf of the trust estate, where the contract was for the benefit of the estate. There is no doubt that the common-law rule, except as modified by statute or decision in a few states, makes the trustee in such a transaction personally liable in contract or in tort. Thus, "it is immaterial that the contract was made by the trustee in the proper performance of his duties as trustee, and that he contracted as trustee and not individually, or even that he purported to bind the beneficiaries personally. Such contracts bind the trustee personally, unless it is otherwise provided in the contract." 3 Scott on Trusts (2d Ed.) 2115, § 275, and see §§ 261 and 262. The same rule applies in the field of tort liability. Thus, "if the

trustee in the course of the administration of the trust commits a tort to a third person, he is personally liable to the third person. He is liable to the same extent to which and under the same circumstances under which he would be liable if he were the beneficial owner of the trust property . . . It is immaterial that the trustee is not personally at fault; the absence of blameworthiness on his part affects his right of indemnity out of the trust estate, but it does not affect his liability to third persons, provided that he would be liable to the third person if he were the beneficial owner of the property. It is no defense when sued by the third person that he was not entitled to enjoy the economic benefits resulting from the administration of the trust. The fact that he is not the beneficial owner of the trust property affects the ultimate incidence of the burdens and liabilities resulting from the administration of the trust as between the trustee and the beneficiaries; but it does not relieve the trustee of liability to third persons." Ibid, § 264, and see § 271. While there is a detectable tendency today, contrary to the common law, to treat the trustee not as owner of the trust estate, nevertheless where the rights of third parties arise involving tort or contract the trustee continues to be held liable. Thus, "There is little tendency . . . to relieve the trustee of personal liability for torts committed by him or on contracts made by him in the administration of the trust, unless, indeed, in contracting with third persons he stipulates that he shall not be personally liable." Ibid § 261. Furthermore, "The personal liability rule applies even though the party with whom the trustee contracted knew of the trustee's position as fiduciary and even though the trust instrument stated that the trustee was to be liable in a representative capacity only, unless there was directly or indirectly an exclusion of personal liability . . ." Bogert, Trusts and Trustees (2d Ed.) 450, § 712. A few states have by statute modified this rule. Ibid, at p. 453.

The plaintiff in error contends that Georgia has by statute modified the above common-law rule of personal liability on the trustee, citing in argument *Code* §§ 108-501 et seq. (Ga. L. 1855-1856, p. 228). Section 108-501 provides: "Any person having a claim against any trust estate for services rendered to

said estate, or for articles or property or money furnished for the use of said estate, or any claim for the payment of which a court of equity would render said estate liable, may collect and enforce the payment of such claim in a court of law."

It is to be observed that this statute creates a method, unknown to the common law, by which a person having a claim against a trust estate for services rendered to the estate, for articles of property or money furnished for the use of the estate, or any claim for the payment of which a court of equity would render the estate liable, may pursue directly the assets of the estate itself. In such actions the trustee is made defendant. *Code* §§ 108-502, 108-503. But by *Code* § 108-505 a judgment rendered in such a proceeding does not impose liability upon the trustee personally, but binds only the trust estate.

These *Code* §§ 108-501 et seq. create a new remedy unknown to the common law, and thus are in derogation of it. Under the cardinal principle of statutory interpretation, statutes in derogation of the common law must be strictly construed. Accordingly, we hold that this new method is merely cumulative of the common law, and it does not abolish the common-law liability of the trustee personally either in tort or contract. Thus, if one wishes, a claimant may bring an action against the trustee individually. Our conclusion in this regard is borne out by the case of *Pelotte v. Simmons,* 41 Ga. App. 198 (152 S. E. 310), which case, we point out, is cited by each of the contending parties as authority for their respective positions. In this headnote opinion, headnote 1 holds that where the petition sets forth a contract between the plaintiff and the defendants who are stated to be trustees of a school belonging to a named association of churches, charging breach of the contract, the suit is brought against the defendant trustees individually and sets out a cause of action against them. Headnote 2 of the opinion holds that the evidence adduced at the trial conclusively showed that the contract under suit was entered into by the claimant with the trustees solely in their representative capacities and hence was insufficient to authorize a finding that the defendants contracted with the plaintiff in their individual capacities to employ her as principal of the school. This case

illustrates the common-law rule that the trustee is personally liable, and in addition points to the exception to the rule that where the party contracting with the trustee stipulates directly or indirectly not to hold the trustee personally liable, the trustee may not be held liable personally.

In their briefs counsel direct our attention to cases holding that a trustee who signs a negotiable note as trustee is not liable individually on the instrument. Each seeks earnestly to divert these cases to a position of supporting authority for their respective positions. We do not consider these cases as at all relevant to the problem here. These cases merely emphasize another exception to the rule of personal liability which is imposed upon the trustee and comes from the law of bills and notes which had its genesis in the law merchant. The law merchant was not based on the common law, but on the common custom of merchants on the Continent of Europe as well as in England. The civil law of the European Continent does not have the concept of trust estates which is present in the common law. We thus regard the principle in the field of negotiable instruments to which counsel refer as only another exception to the common-law rule of personal liability of a trustee and of no persuasiveness here.

Furthermore, by *Code* § 108-506, the requirement is made that in the body of the execution gained, the property upon which it is to be levied shall be specified. This detailing necessarily restricts and limits the property of an estate which can be reached by a claimant proceeding under this remedy to that property which can be found by him and which is capable of being particularly described. It is quite conceivable that the intangible property of an estate which, indeed, might compose the entirety of its assets, might be so hidden from the claimant as to render its description and specification impossible. Such a situation would negate completely the remedy authorized by *Code* §§ 108-501 et seq. Obviously, then, of necessity, this statutory remedy is merely cumulative and in no wise did it abolish the common-law rule for obtaining redress.

The judgment of the trial court overruling the defendant's demurrer is affirmed.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*