42258.  PONCE DE LEON PROPERTIES, INC. v.
v. WALTON et al.

HALL, Judge.  On December 30, 1965, the plaintiff lessor sued the defendant lessee on a lease contract for the term July 1965 through June 1966, alleging in substance that after occupying the premises and paying the stipulated rental for approximately five months the defendant moved from the premises leaving a balance of 7 months' rent due under the contract, in the amount of $903, for which the plaintiff sued. On April 1, 1966, the trial court entered an order reciting that no defense had been interposed and rendered judgment for the plaintiff for the sum sued for.  On motion of the defendant filed May 30, 1966, the trial court vacated and set aside the judgment.  The plaintiff appeals from the judgment setting aside the default judgment.  *Held:*

The lease provides that the lessee shall pay to the lessor a stipulated monthly rental on the first day of each month in advance during the term of the lease; that, upon default by the lessee, the lessor may terminate the lease and collect rental owing for the period before termination, and may without terminating the lease take possession and rent the premises at the best price reasonably obtainable, and collect from the lessee for the deficiency between the stipulated rental and the price obtained on reletting.  The lease contains no condition making the stipulated rental become due by the lessee

for the full term at once, or on any terms other than monthly in advance. Thus the petition, including the attached lease, shows that on the date of the judgment no more than five months' rental, $645, could have been due under the terms of the lease.

The Georgia Code permits default judgments upon the plaintiff's pleadings without the presentation of evidence unless the action is one ex delicto or involves unliquidated damages. *Code Ann.* § 110-401. And the law provides for a motion in arrest of or to set aside a judgment for any defect not amendable which appears on the face of the record or pleadings. *Code* §§ 110-702, 110-703. However, the defense that an action is premature does not go to the merits of the plaintiff's case; it is dilatory only and where not filed within the time prescribed by law is waived. *Realty Co. v. Ellis*, 4 Ga. App. 402 (61 SE 832); *Kent v. First Nat. Bank of Atlanta*, 57 Ga. App. 751 (2) (196 SE 103). The same principle would naturally apply where only some of the damages are premature.

This is not a suit for unliquidated damages. It is a suit to recover money alleged to be due the plaintiff under a definite lease contract, and the amount due can be definitely and accurately calculated. *Henderson v. American Hat Mfg. Co.*, 57 Ga. App. 10, 14 (194 SE 254). Furthermore, "A judgment for a larger sum than that sued for is not for that reason void. It is a mere irregularity." *Philman v. Marshall*, 116 Ga. 811, 812 (43 SE 48). Since this is true, neither would a judgment prayed for and granted for a larger sum than that shown by the petition to be due be void. The trial court erred in setting aside the default judgment.

*Judgment reversed. Nichols, P. J., and Deen, J., concur.*

Argued September 13, 1966—Decided October 28, 1966—Rehearing denied November 14, 1966—

*Peek, Whaley & Blackburn, Glenville Haldi,* for appellant.
*Gilbert, Patton & Carter, Fred A. Gilbert,* for appellees.