63331. LEASING SYSTEMS, INC. v. EASY STREET, INC. et al.

BANKE, Judge.

On or about March 19, 1979, the plaintiff, Leasing Systems, Inc., purchased some bar and restaurant equipment from defendant Coastal States Equipment Co., Inc., for the purpose of leasing it to Easy Street, Inc. As security for the transaction, the defendant executed a "Guaranty Agreement," agreeing to repurchase the equipment from the plaintiff in the event Easy Street defaulted on the lease, at a price equal to the original sale price less the sum of the monthly rental payments which had fallen due at the time of default. Easy Street became delinquent in its payments in February of 1980, and the plaintiff threatened to enforce the repurchase agreement. The defendant responded by supplying the plaintiff with the name of a prospective buyer for Easy Street, who might be interested in taking over the lease. The plaintiff contacted this person, and subsequent negotiations led to the plaintiff's signing a new lease with a company called Control Management Corporation, which paid all the past-due payments owed on the lease and obligated itself to make the remaining payments called for under that contract as they came due. Control Management later went into default, and the plaintiff filed this suit against the defendant to enforce the repurchase agreement.

The case was tried before the court without a jury. The plaintiff's president testified that his intention in entering into the new lease with Control Management was to obtain added protection and that he had intended for the original lease with Easy Street to remain in effect. However, the trial court concluded as a matter of law

that the execution of the new lease constituted a novation and thus extinguished the old lease and discharged the defendant from liability on the repurchase agreement. He ruled that the plaintiff was further precluded from recovering because it had not made a proper tender of the equipment to the defendant as called for under the terms of the agreement. The plaintiff filed this appeal. *Held:*

1. In order for a novation to occur there must be a mutual intention on the part of the parties to extinguish the old contract and substitute the new one for it. See Code § 20-115; *Hennessy v. Woodruff,* 210 Ga. 742 (1) (82 SE2d 859) (1954); *Hewlett v. Almand,* 25 Ga. App. 346 (103 SE 173) (1920); *Savannah Bank &c. Co. v. Wolff,* 191 Ga. 111, 120 (11 SE2d 766) (1940); *Mayer v. Turner,* 142 Ga. App. 63 (1) (234 SE2d 853) (1977). Accord Code § 20-1201. There is no evidence in the case before us now that the plaintiff intended such a result.

An almost identical situation was before this court in *M. W. Buttrill, Inc. v. Air Conditioning Contractors,* 158 Ga. App. 122 (279 SE2d 296) (1981). There, the plaintiff was a subcontractor who sought to collect from the defendant contractor for labor and materials furnished on a shopping center project. After the original contract between the plaintiff and defendant was executed, one of the defendant's officers left the firm to form his own contracting company. That company took over the shopping center project pursuant to an assignment agreement with the defendant, and the plaintiff then entered into a contract with the new company identical to the one it had signed with the defendant. The defendant contended that by this action the original contract between it and the plaintiff had necessarily been extinguished; however, the court ruled to the contrary, based on the absence of evidence indicating a specific intention by the plaintiff to release the defendant from its obligation.

In the case before us now, there is similarly no evidence of a specific intention on the part of the plaintiff to release the defendant from its obligation, and in fact the only evidence offered on the issue was to the effect that the plaintiff intended for the original lease to remain in effect. We must accordingly hold that the trial court erred in concluding that a novation had occurred in this case. Accord, *Sportsman Camping Centers v. Bagwell,* 140 Ga. App. 312 (2) (231 SE2d 118) (1976). The cases cited by the defendant are not authority for a contrary result. In *Yancey Bros. Co. v. Bowling,* 92 Ga. App. 291 (3) (88 SE2d 566) (1955), for example, the original contract was marked "satisfied of record," thus indicating the parties' mutual intention to extinguish that contract and to substitute the new one for it.

2. The trial court also erred in finding that the plaintiff had

failed to tender the equipment back to the defendant after the default by Control Management. The plaintiff's president testified without contravention that he had asked the defendant to pick up the equipment and that the defendant had refused. The agreement called upon the defendant to repurchase the equipment "as is where is." Although there is no evidence that the plaintiff furnished correct title to the equipment as called for in the agreement, it is clear that the defendant's refusal was based not upon this fact but upon its position that the repurchase agreement was no longer enforceable. "It is unnecessary . . . to prove that a tender legal in every particular has been made, where the person to whom it is offered will not accept it even though it were a perfect tender. [Cits.]" *Reese v. Ideal Realty Co.,* 131 Ga. App. 149, 150-151 (205 SE2d 432) (1974).

3. Because the plaintiff concedes that the third alleged error was harmless, we decline to review it.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 5, 1982 —
REHEARING DENIED MARCH 22, 1982.

*James Massey, Richard Herzog,* for appellant.
*John V. Burch,* for appellees.