## 77889. MITCHELL v. MITCHELL.
(381 SE2d 84)

SOGNIER, Judge.

Exie Harrell Mitchell, as executrix of the estate of her husband, Johnnie Mitchell, brought suit against Harriet Mitchell on a promissory note executed in favor of the decedent. The jury returned a verdict for Harriet Mitchell, but the trial court granted judgment for Exie Mitchell notwithstanding the verdict, and Harriet Mitchell filed this appeal.

The evidence adduced at trial disclosed that on July 15, 1981, appellee's decedent sold two riverfront lots to his son, John Lewis Mitchell, and his son's wife, appellant, in exchange for a $10,000 down payment and a promissory note for $25,000 executed by both purchasers. The note was due on July 15, 1987 although the parties verbally agreed that annual payments would be made. Appellant testified that when she and her husband made their first payment of $1,500 on July 7, 1982, Johnnie Mitchell asked them to sign a new promissory note reflecting the reduced balance outstanding, and that in response John Lewis Mitchell executed a new note as sole obligor. Appellant further testified that prior to Johnnie Mitchell's death in August 1985, John Lewis Mitchell followed the same procedure for three subsequent payments totalling $5,000, each time giving his father a new note on which he was sole obligor for the remaining balance. John Lewis Mitchell was killed in an airplane crash in May 1986, and on August 11, 1987, appellee filed this action to recover the balance of $18,500 owed on the July 1981 note executed by John Lewis Mitchell and appellant.

1. Appellant contends the trial court erred by granting judgment n.o.v. to appellee, as sufficient evidence was adduced to authorize the jury to find a novation releasing appellant from the 1981 note. The trial court found there was no evidence that the notes John Lewis Mitchell executed as sole obligor were supported by valid consideration. However, as there was evidence sufficient to authorize the jury to conclude that one or more of these notes were supported by valid consideration in the form of settlement of a family dispute, we find the grant of judgment n.o.v. to be in error.

The evidence adduced at trial revealed that the sale of the subject property to John Lewis Mitchell and appellant had led to considerable dissension within the Mitchell family. John Lewis Mitchell's siblings, Sara Reed and Harold Mitchell, both testified that they were unhappy about the sale of the property because it previously had

been available for use by all family members, and Reed stated that she did not want appellant to profit from her ownership of the property. Appellant testified that Reed and Harold Mitchell were so angry after the sale that they did not speak to John Lewis Mitchell for months. Both appellant and her sister also testified that John Lewis Mitchell desired to restore family harmony, and in order to do so he and his father agreed to remove appellant's name from the note arising out of the property transfer, and accordingly one or more new notes were executed with John Lewis Mitchell as the sole obligor. Although the trial court, relying on *Irby v. Brooks*, 246 Ga. 794 (273 SE2d 183) (1980), held that this testimony was untrustworthy hearsay, such testimony regarding the declarations of a decedent has since been held to be admissible, and assessment of the credibility of the testimony is left to the jury. *Swain v. C & S Bank*, 258 Ga. 547 (372 SE2d 423) (1988).

"Our . . . courts have favored the furtherance of compromise agreements and the settlement of family disputes. [Cit.] 'An agreement to settle a family controversy will not be considered voluntary and without consideration, but will be enforced in equity as a fair family arrangement independent of its being a compromise of doubtful rights. . . [.] To render valid such compromise agreements it is not essential that the matter should be in real doubt; but it is sufficient if the parties should consider it so far doubtful as to make it the subject of compromise.' " *Holsomback v. Caldwell*, 218 Ga. 393, 395-396 (128 SE2d 47) (1962). Once the existence of a family settlement is established, it will be enforced without an inquiry " 'into the adequacy or inadequacy of the consideration.' [Cit.]" *Hancock v. Hancock*, 223 Ga. 481, 487 (3 (b)) (156 SE2d 354) (1967). Although enforcement of family settlement agreements is an equitable remedy, this court has jurisdiction over equitable defenses, *Alderman v. Crenshaw*, 208 Ga. 71, 72 (3) (65 SE2d 178) (1951), overruled on other grounds, *Wiley v. Wiley*, 233 Ga. 824, 826 (1) (213 SE2d 682) (1975), and thus we may consider whether execution of a family settlement agreement provided consideration for the later notes.

Construing the evidence to uphold the verdict, we find the jury was authorized to conclude that John Lewis Mitchell, as sole obligor, executed one or more notes in favor of his father, the consideration for these notes being the desire of father and son to settle the family controversy that had arisen after Johnnie Mitchell's sale of the subject property to his son and appellant, see *Belt v. Lazenby*, 126 Ga. 767, 771-772 (2, 3) (56 SE 81) (1906), thereby releasing appellant from her obligation on the note sub judice. See OCGA § 13-4-5; see also *Leasing Systems v. Easy Street*, 161 Ga. App. 756, 757 (1) (288 SE2d 879) (1982). We need not inquire whether this family settlement agreement fully accomplished the objective of restoring harmony

within the Mitchell family because proof of execution of an agreement made to resolve a family controversy is all that is needed to establish the existence of consideration for enforcement of the obligation thereunder. See *Hancock*, supra at 487. This result does not leave appellee without a remedy because she has the option of bringing an action on the subsequent notes against the estate of John Lewis Mitchell.

Accordingly, we reverse with direction that the jury's verdict in favor of appellant be reinstated.

2. Our decision in Division 1 renders moot appellant's remaining enumeration of error.

3. In view of our decision in Division 1, appellee's motion for damages for frivolous appeal is denied.

*Judgment reversed with direction. Banke, P. J., Birdsong, Pope and Benham, JJ., concur. Carley, C. J., Deen, P. J., and Beasley, J., dissent. McMurray, P. J., disqualified.*

DEEN, Presiding Judge, dissenting.

The appellant asserted the defenses of novation and accord and satisfaction. The trial court granted judgment for the appellee nowithstanding the verdict, finding no competent evidence to support those defenses, and, in any event, a total lack of consideration for either a novation or an accord and satisfaction.

A novation must be supported by a new consideration. OCGA § 13-4-5 generally; *Maguire v. Ivey*, 212 Ga. 151 (91 SE2d 35) (1956). In the instant case, the only difference between the original note sued upon the subsequent notes allegedly executed solely by John Lewis Mitchell at the time of the payments to Johnnie Mitchell was the omission of the appellant as one of the obligors. Quite simply, no new consideration was given.

"Accord and satisfaction occurs where the parties to an agreement, by a subsequent agreement, have satisfied the former agreement, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction of the former agreement, where it is so expressly agreed by the parties; and, without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former agreement." OCGA § 13-4-101; *Kent v. First Nat. Bank*, 57 Ga. App. 751 (196 SE 103) (1938). Additionally, "[a]n accord and satisfaction must be of some advantage, legal or equitable, to the creditor or it shall not have the effect of barring him from his legal rights under the original agreement." OCGA § 13-4-102.

In the instant case, there was no evidence that Exie Mitchell was even empowered, at the time of John Lewis Mitchell's execution of the two notes in favor of his siblings, to agree to an accord and satisfaction on behalf of the estate of Johnnie Mitchell. Moreover, the ar-

rangement, which neither gave the estate the benefit of any payment nor increased the estate, could hardly be said to result in any advantage or benefit to the estate. Accord and satisfaction is an affirmative defense, and the party asserting it has the burden of proof. *McCullough v. Mobiland, Inc.*, 139 Ga. App. 260 (228 SE2d 146) (1976). The appellant's proof in this case failed to raise an issue of fact as to the creditor's express agreement or the existence of a new consideration.

The majority opinion confuses the factual posture of this case. As discussed above, the appellant asserted two defenses, novation and accord and satisfaction. The claim of novation related to the alleged agreement between Johnnie Mitchell and John Lewis Mitchell to omit Harriet Mitchell as obligor on the alleged renewal notes. The claim of accord and satisfaction concerned John Lewis Mitchell's subsequent sale of a portion of the property to his niece and purported payment of the remaining indebtedness by executing promissory notes to the anticipated heirs of Exie Mitchell. The testimony regarding John Lewis Mitchell's motivation to restore family harmony related *only to* this subsequent sale to the niece and was no consideration whatsoever in the alleged earlier transaction between Johnnie Mitchell and John Lewis Mitchell when the agreement to remove Harriet Mitchell as obligor supposedly occurred.

Concerning the alleged novation, the appellant's evidence was that John Lewis Mitchell requested that Harriet Mitchell be omitted as obligor on the renewal notes because he wanted to spare her the familial acrimony over the father's sale of the property to John Lewis Mitchell and Harriet Mitchell. Not even the appellant claimed that his motive was to restore family harmony by doing so, and for good reason: removal of Harriet Mitchell as obligor obviously would not eliminate the stated basis for the family's ill-will towards her, i.e., her ownership of the property, because her name remained on the warranty deed. Indeed, if anything, omission of Harriet Mitchell as obligor on the promissory note, eliminating her obligation to pay for her ownership interest, logically would exacerbate any bad feelings held by the family towards Harriet Mitchell.

In summary, the trial court correctly concluded that the evidence totally failed to show either novation or accord and a satisfaction. Grant of judgment for the appellee notwithstanding the verdict was proper. Accordingly, I must respectfully dissent from the majority opinion's contrary conclusion.

I am authorized to state that Judge Beasley joins in this dissent.

DECIDED MARCH 10, 1989 —
REHEARING DENIED MARCH 29, 1989 —

*Hurt, Pfeiffer & Hyman, Thomas H. Hyman,* for appellant.

*Gary C. McCorvey, Richard English Thomas*, for appellee.