A94A1702, A94A1877. CROW et al. v. COOK et al.; and vice versa.
(451 SE2d 467)

McMURRAY, Presiding Judge.

Dulcie DeFoor Cook, Leonard Mercer DeFoor, Nancy Lee Sullivan, John C. Sullivan, Jr., as trustee under the last will and testament of Charles W. DeFoor, Julia McNeel DeFoor, Charles W. DeFoor III, Jane Lee Home, James Allison DeFoor, Linda DeFoor Wickham, M. L. Brittain III, individually and as trustee of the Olive DeFoor Brittain Intervivos Trust and as executor of the will of Olive DeFoor Brittain, Charles Cook, Robert L. McCaffrey, as trustee under the will of Virginia Lee McCaffrey, Marcus A. Cook III and Bank South, N.A., as trustee under the will of H. L. DeFoor, (plaintiffs) brought an action against Trammell Crow, individually and in his capacity as trustee of the Stuart M. Crow Trust, and John C. Portman, Jr., (defendants) to recover monthly rentals allegedly due under a 99-year ground lease ("DeFoor lease") executed on or about July 1, 1969, by defendants as lessees and plaintiffs or their predecessors in title as lessors. Plaintiffs further allege defendants failed to pay monthly rentals under a separate 99-year ground lease ("Pickett lease") executed on or about April 1, 1970, by defendants as lessees and Roscoe Pickett as lessor. Plaintiffs (apparently) seek to recover the unpaid rentals under the Pickett lease on behalf of Pickett's successor in title, Bank South, N.A., as trustee under the will of H. L. DeFoor.

Defendants filed a joint answer, admitting execution of the DeFoor and Pickett leases and failure to pay the monthly rentals as alleged by plaintiffs. However, defendants claim they are not liable for these unpaid rentals because plaintiffs waived, released or settled (via novation, estoppel or accord and satisfaction) their rights against defendants under the lease agreements. Defendant Crow denies individual liability, claiming he executed the ground leases in his capacity as trustee of the Stuart M. Crow Trust. Defendant Portman claims a right of indemnity via third-party complaint against Georgia ROS Development Corporation ("Georgia ROS"), alleging Georgia ROS failed to honor promises to assume all obligations under the lease agreements.

Defendant Crow filed a motion for partial summary judgment as to his individual liability under the lease agreements and plaintiffs filed a motion for summary judgment as to defendants' liability under both the DeFoor and Pickett lease agreements. Defendant Portman filed a motion for summary judgment as to his indemnity claim against Georgia ROS. The undisputed evidence shows that the DeFoor lease was executed on July 1, 1969; that the Pickett lease was executed on April 1, 1970; that defendant Portman executed the lease agreements in his individual capacity and that defendant Crow executed the lease agreements in his capacity as trustee of the Stuart M. Crow Trust. In this regard, defendant Crow's signature appears on signature lines printed on the last page of the DeFoor and Pickett lease agreements. The signature lines are captioned, "Trammell Crow, as trustee aforesaid," and the first paragraph of both lease agreements describe "TRAMMELL CROW, as Trustee of THE STUART M. CROW TRUST under the Indenture of Trust dated January 20, 1963 and recorded in Deed Book 4137 beginning at page 357 in the Office of the Clerk of the Superior Court of Fulton County, Georgia. . . ."

The DeFoor and Pickett lease agreements provide that the lessees have the right to sell or assign their leasehold estates and that any subsequent purchaser or assignee may sell or assign any interest acquired in the leasehold estates. However, both lease agreements provide that "no such sale or assignment shall release the original Lessee or any assignee or grantee from the liabilities of the Lessee hereunder." The only manner provided under the lease agreements for any such sale or assignment to operate as a release of any grantor or assignee is upon completion of certain improvements "having a value of not less than $1,000,000 [on the DeFoor property and not less than $250,000 on the Pickett property and only] if the sale or assignment [is] evidenced by an instrument in writing, properly executed and acknowledged by all the parties thereto and duly recorded in the Office of the Clerk of the Superior Court of Fulton County, Georgia, wherein and whereby the grantee or assignee assumes all of the obligations of Lessee hereunder and if a copy of such instrument is delivered to the Lessor. . . ."

On June 30, 1970, the 230 Peachtree Company (purportedly a general partnership composed of Trammell Crow, as trustee of the Stuart M. Crow Trust and John C. Portman, Jr.), Trammell Crow as trustee of the Stuart M. Crow Trust, individually, John C. Portman, Jr., and Trammell Crow, individually, entered into a document entitled, "*ASSIGNMENT OF LEASES*," providing for assignment of all right, title and interest in the DeFoor and Pickett lease agreements to defendant Portman and for defendant Portman's assumption of all obligations and liabilities under the lease agreements. After this assignment, plaintiffs or their predecessors in title dealt exclusively

with defendant Portman for over 21 years in executing the terms of the lease agreements, i.e., Portman paid the monthly rentals and the parties agreed to an amendment of the Pickett lease (apparently) to cure an error in the metes and bounds legal description of the lease premises. Plaintiffs also allege that defendant Portman resolved a default (failure to pay property taxes) under the DeFoor lease and that they negotiated with Portman to adjust monthly rentals pursuant to a schedule prescribed in the original lease agreement.[1]

On September 9, 1991, defendant Portman assigned all of his right, title and interest in the DeFoor and Pickett leases to Georgia ROS. In turn, Georgia ROS assumed all obligations and liabilities under the lease agreements. Plaintiffs then began accepting rental payments from Georgia ROS and subsequently entered into negotiations with Georgia ROS regarding substantive changes to the lease agreements, i.e., the parties allegedly negotiated building restrictions prescribed in the DeFoor lease and plaintiffs purportedly offered to transfer their freehold estates in leased properties for certain monetary consideration. These alleged negotiations did not result in modification of the terms of the original lease agreements. Further, no improvements have been made on the DeFoor or Pickett lease premises so as to satisfy the express conditions of defendants' release from liability under the lease agreements.

Georgia ROS ceased making payments under the DeFoor and Pickett leases in January 1992, and defendants have failed to cure the resulting defaults.

The trial court entered an order denying defendant Crow's motion for partial summary judgment and entered a separate order on plaintiff's motion for summary judgment and defendant Portman's motion for summary judgment. This order provides (in pertinent part) as follows: "After having read and considered the entire record in this matter, and after hearing the oral argument of counsel for all parties, the Court finds [that whether] Defendant Trammell [Crow] signed the subject leases in his individual capacity is a remaining genuine issue of material fact. However, Plaintiff is entitled to judgment against Defendant Trammell Crow as trustee of the Stuart M. Crow Trust. Plaintiff is also entitled to judgment against Defendant John C. Portman. Therefore, Plaintiff's Motion for Summary Judgment is hereby Granted in part, and Denied in part, in accordance with the

---

[1] These allegations are from letters and a memorandum identified by defendants' attorney as business records produced by Georgia ROS during discovery or from defendant Portman's files. The letters and memorandum are not otherwise identified, authenticated or tested for the truth of the matters asserted therein and therefore have no probative value. However, we rely on them in construing the evidence, allegations and defenses in a light most favorable to defendants as non-moving parties on summary judgment. *Garmon v. Warehouse Groceries Food Center*, 207 Ga. App. 89, 91 (1) (427 SE2d 308).

Court's aforementioned directions. . . . Consistent with the above ruling, [defendant/third party plaintiff Portman's] Motion [for summary judgment as to his third-party claim for indemnity against Georgia ROS] is hereby GRANTED."

Defendant Portman appeals along with defendant Crow, in his capacity as trustee of the Stuart M. Crow Trust, in Case No. A94A1702 from the partial grant of plaintiffs' motion for summary judgment. Plaintiffs appeal in Case No. A94A1877 from the denial of their motion for summary judgment as to defendant Crow's individual liability under the lease agreements. We consolidate Case Nos. A94A1702 and A94A1877 in this opinion. *Held*:

## Case No. A94A1702

1. In four enumerations, defendant Crow, in his capacity as trustee of the Stuart M. Crow Trust, and defendant Portman contend the trial court erred in granting plaintiffs' motion for summary judgment as to liability under the lease agreements.

(a) Defendants Portman and Crow argue that the first amendment to the DeFoor lease executed by defendant Portman and plaintiffs or their predecessors in title raise genuine issues of material fact as to their defense of novation.

"In order for a novation to occur there must be a mutual intention on the part of the parties to extinguish the old contract and substitute the new one for it. See Code § 20-115[, now OCGA § 13-4-5]; *Hennessy v. Woodruff*, 210 Ga. 742 (1) (82 SE2d 859) (1954); *Hewlett v. Almand*, 25 Ga. App. 346 (103 SE 173) (1920); *Savannah Bank &c. Co. v. Wolff*, 191 Ga. 111, 120 (11 SE2d 766) (1940); *Mayer v. Turner*, 142 Ga. App. 63 (1) (234 SE2d 853) (1977). Accord Code § 20-1201[, now OCGA § 13-4-101]." *Leasing Systems v. Easy Street*, 161 Ga. App. 756, 757 (1) (288 SE2d 879). In the case sub judice, the first (and only) amendment to the DeFoor lease was merely an agreement to correct an apparent error in the metes and bounds legal description of the leased premises. This amendment did not amount to a material deviation from the terms of the DeFoor lease so as to evidence substitution of a new agreement for the original lease agreement. Moreover, there is no evidence to sustain a finding that plaintiffs intended a novation of parties under the lease agreements.

"There may be a novation of debtors, but the novation must be such as to release the original debtor and substitute a new debtor in his place. This release and substitution may be by express terms, or may be inferred from the acts of the parties or by necessary implication from a construction of the new agreement. *Yancey Bros. Co. v. Bowling*, 92 Ga. App. 291, 293 (88 SE2d 566) (1955)." *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458, 459 (1) (278 SE2d 33). In the

case sub judice, both the DeFoor and Pickett lease agreements provide for assignment without release of the original lessees. The only manner provided under the lease agreements for any such sale or assignment to operate as a release of any grantor or assignee is upon completion of certain improvements "having a value of not less than $1,000,000 [on the DeFoor property and not less than $250,000 on the Pickett property and only] if the sale or assignment [is] evidenced by an instrument in writing, properly executed and acknowledged by all the parties thereto and duly recorded in the Office of the Clerk of the Superior Court of Fulton County, Georgia, wherein and whereby the grantee or assignee assumes all of the obligations of Lessee hereunder and if a copy of such instrument is delivered to the Lessor. . . ." There is no evidence that these conditions have been met.

(b) Next, defendant Crow argues that the actions of plaintiffs or their predecessors in title in dealing exclusively with defendant Portman for over 21 years after the 1970 lease assignments raise genuine issues of material fact as to the parties' intent to substitute defendant Portman as lessee and release defendant Crow from liability under the lease agreements. Similarly, defendant Portman argues that the actions of plaintiffs or their predecessors in title in negotiating with Georgia ROS after the 1991 lease assignments evidence an intent to relieve him of liability under the lease agreements. See *Step Ahead v. Lehndorff Greenbriar, Ltd.*, 171 Ga. App. 805, 806 (321 SE2d 115). These contentions are without merit.

"We agree with [plaintiffs] that this case is controlled by *Southland &c. Corp. v. McIntosh*, 137 Ga. App. 216 (223 SE2d 257) (1976) (physical precedent), see also *Rotruck v. Grandma's Biscuits*, 243 Ga. 512, 514 (255 SE2d 36) (1979), and that [they were] entitled to [summary judgment] on the assignment issue since under the [DeFoor and Pickett] lease [provisions defendants were] not relieved from [their] contractual obligation to make the rental payments upon assignment of the lease [agreements]. *Step Ahead v. Lehndorff Greenbriar, Ltd.*, 171 Ga. App. 805, 806-807[, supra], cited by [defendant Portman and defendant Crow], is distinguishable in that the lease therein contained no express provision whereby the landlord retained its rights against the old tenant." *Sprayberry Crossing Partnership v. Tuley*, 198 Ga. App. 53, 55 (2), 56 (400 SE2d 334).

The trial court did not err in granting plaintiffs' motion for summary judgment with regard to the liability of defendant Portman and defendant Crow, as trustee of the Stuart M. Crow Trust.

2. Defendants entered into the Pickett lease with Roscoe Pickett. The other plaintiffs in the case sub judice were not parties to the Pickett lease. Consequently, it appears the trial court inadvertently entered summary judgment in favor of all plaintiffs under the Pickett lease. The trial court is directed to correct this oversight upon re-

mand.

## Case No. A94A1877

3. Plaintiffs contend the trial court erred in denying their motion for summary judgment as to defendant Crow's personal liability, arguing that defendant Crow is bound by the common law rule existing at the time the parties executed the lease agreements, i.e., a trustee is individually liable under any contract he negotiates and executes on behalf of the trust estate. *Oberdorfer v. Smith*, 102 Ga. App. 336 (116 SE2d 308) (1960).

OCGA § 53-12-199 (b) provides that, "[u]nless otherwise provided in the contract, a trustee is not personally liable on contracts properly entered into in the trustee's fiduciary capacity unless the trustee fails to reveal the trustee's representative capacity in the contract." Subsection (c) of this Code section provides (in pertinent part) that "[a] judgment rendered in an action brought against the trust shall impose no personal liability on the trustee. . . ." However, OCGA § 53-12-199 (b) was not effective in 1969 and 1970 when defendant Crow executed the DeFoor and Pickett lease agreements as trustee of the Stuart M. Crow Trust (Ga. L. 1991, p. 810, § 1; p. 886, § 12), and OCGA § 53-12-199 (c) (formerly OCGA § 53-12-154, and Code 1933, § 108-505) had been deemed ineffective by the Court of Appeals as abolishing the common law rule that a trustee may be sued individually under any contract he negotiates and executes on behalf of the trust estate. *Oberdorfer v. Smith*, 102 Ga. App. 336, 338-339, supra. This rule was the law in Georgia at the time the DeFoor and Pickett leases were executed and " '[t]here [was then] little tendency [for the Georgia Court of Appeals] to relieve the trustee of personal liability . . . on contracts made by him in the administration of the trust, unless, indeed, in contracting with third persons he *stipulates* that he shall not be personally liable.' [3 Scott on Trusts (2d ed.) 2155, § 261.] [In fact, this court had already held that] '[t]he personal liability rule applies even though the party with whom the trustee contracted knew of the trustee's position as fiduciary and even though the trust instrument stated that the trustee was to be liable in a representative capacity only, unless there was directly or indirectly an exclusion of personal liability. . . .' Bogert, Trusts and Trustees (2d ed.) 450, § 712." (Emphasis supplied.) *Oberdorfer v. Smith*, 102 Ga. App. 336, 338, supra.

In the case sub judice, there is no stipulation in either the DeFoor lease or the Pickett lease that defendant Crow shall be relieved of personal liability under the lease agreements. Nonetheless, defendant Crow argues that his execution of the lease agreement "as trustee aforesaid" and the language in the first paragraphs of the

lease agreements naming him "Trustee of THE STUART M. CROW TRUST under the Indenture of Trust dated January 20, 1963 and recorded in Deed Book 4137 beginning at page 357 in the Office of the Clerk of the Superior Court of Fulton County, Georgia . . ." sufficiently reference the indenture of trust for Stuart M. Crow which provides that the "Trustee shall not incur any personal liability to any person or corporation dealing with the Trustee in the administration of any trust." This argument is without merit.

" 'As a matter of contract law, incorporation by reference is generally effective to accomplish its intended purpose where . . . the provision to which reference is made has a reasonably clear and ascertainable meaning. (Cits.)' *Binswanger Glass Co. v. Beers Constr. Co.*, 141 Ga. App. 715, 717 (2) (234 SE2d 363) (1977). See also *Hartline-Thomas v. Arthur Pew Constr. Co., Inc.*, 151 Ga. App. 598, 599 (260 SE2d 744) (1979)." *Walls, Inc. v. Atlantic Realty Co.*, 186 Ga. App. 389, 390 (1) (367 SE2d 278). In the case sub judice, there is no indication in either the DeFoor lease or the Pickett lease that the terms of the indenture of trust for Stuart M. Crow are binding upon plaintiffs as parties to the lease agreements. The references in the first paragraphs of the lease agreements naming defendant Crow "as Trustee of THE STUART M. CROW TRUST under the Indenture of Trust dated January 20, 1963 and recorded in Deed Book 4137 beginning at page 357 in the Office of the Clerk of the Superior Court of Fulton County, Georgia . . ." are merely descriptive and in no way indicate an intent to incorporate the terms of the trust indenture into the original lease agreements. In fact, we find no evidence that the parties intended these descriptive provisions to work as vehicles for incorporation of any terms outside the lease agreements. Consequently, genuine issues of material fact do not remain as to the parties' intent to adopt the terms of the indenture which implemented the Stuart M. Crow Trust.

"[P]arties will be presumed to contract under the existing laws, and no intent will be implied to the contrary unless so provided by terms of their agreement." *Jenkins v. Morgan*, 100 Ga. App. 561, 562 (1) (112 SE2d 23). See *Van Dyck v. Van Dyck*, 263 Ga. 161, 163 (2) (429 SE2d 914). The controlling law at the time defendant Crow executed the lease agreements in his capacity as trustee of the Stuart M. Crow Trust was that a trustee is presumed to be personally liable under any contract he executes on behalf of the trust estate absent specific language in the contract relieving the trustee of personal liability. *Oberdorfer v. Smith*, 102 Ga. App. 336, 340, supra. Accordingly, since it is undisputed that no such stipulation appears in the DeFoor lease or the Pickett lease and since parties will be presumed to contract under the existing laws, *Jenkins v. Morgan*, 100 Ga. App. 561, 562 (1), supra; *Van Dyck v. Van Dyck*, 263 Ga. 161, 163 (2), supra,

defendant Crow became individually liable when he executed the DeFoor lease in July 1969 and the Pickett lease in April 1970. The fact that defendant Crow executed the lease agreements, "Trammell Crow, as trustee aforesaid," did not diminish his personal liability thereunder. This issue was also resolved in *Oberdorfer v. Smith*, 102 Ga. App. 336, supra.

4. Defendants' remaining argument is without merit for the reasons stated in Division 1 (b) of this opinion.

*Judgment affirmed in Case No. A94A1702 and case remanded. Judgment reversed in Case No. A94A1877. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 25, 1994 —
RECONSIDERATION DENIED DECEMBER 12, 1994 —

*Jones, Day, Reavis & Pogue, R. Matthew Martin*, for appellants.
*Robert S. Wiggins, Jr., Troutman Sanders, Mark S. Vanderbroek*, for appellees.