## A03A1040. FASSERO v. WEINSTOCK & SCAVO, P.C.

(583 SE2d 485)

PHIPPS, Judge.

Dr. Jeffrey Fassero and his wife, Lysa Fassero (Fassero), were involved in a divorce action. Fassero was represented by the law firm of Weinstock & Scavo, P.C. (Weinstock). A settlement agreement was negotiated under which Dr. Fassero was obligated to pay Weinstock the bulk of Fassero's attorney fees. After paying some of the fees, Dr. Fassero defaulted. Weinstock then sued Fassero to recover the balance of the debt. In defense, Fassero pled novation. Finding no evidence sufficient to establish all of the elements of novation, the trial court awarded summary judgment to Weinstock. We disagree with the trial court's ruling and reverse.

In retaining Weinstock's services, Fassero orally agreed to pay the law firm its standard hourly rates plus expenses. There was no written fee agreement. While representing Fassero, Weinstock regularly sent her statements on account, and she made periodic payments of fees owed. Shortly before the divorce case came on for trial, Fassero paid Weinstock $35,000.

The trial resulted in a jury verdict in Fassero's favor, but the trial court granted Dr. Fassero's motion for new trial. Before retrial, the parties and their respective attorneys engaged in settlement discussions. Fassero's liability to Weinstock for attorney fees and litigation expenses, in the approximate amount of $200,000 to $210,000, was a material aspect of the negotiations. At the settlement conference, agreement was reached that Dr. Fassero would pay Weinstock $180,000 of these fees and that Fassero would pay the remaining $20,000.

The settlement agreement required Dr. Fassero to pay attorney fees and litigation expenses in the amount of $180,000 or $190,000 to Weinstock as "additional periodic alimony." Dr. Fassero made a $50,000 payment to Weinstock shortly before the agreement was finalized. The remaining sums were payable in five periodic installments totaling $130,000 if the payments were timely made. The agreement required Dr. Fassero to deliver the payments to Weinstock's office. The agreement further provided that, if he failed to make any of the payments in a timely fashion, he would be required to pay Weinstock an additional sum of $10,000 within ten days of the due date of the defaulted payment. The settlement agreement was incorporated into the parties' final divorce decree and signed by their attorneys.

After settlement, the parties had problems regarding child visitation, and Fassero incurred additional legal fees for Weinstock's services. Dr. Fassero made the first periodic payment of attorney fees in the amount of $50,000 directly to Weinstock. Dr. Fassero later liqui-

dated his assets and absconded from the country, ceasing payment of his debts. Weinstock subsequently filed a complaint on account against Fassero, seeking payment of the principal balance of $136,991.92 in legal fees and other damages. In her defense, Fassero asserted that Weinstock agreed to look to Dr. Fassero for payment of attorney fees incurred by her in the divorce action and, therefore, a novation occurred.

In every novation there are four essential requisites: (1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, and (4) the validity of the new one. If these essentials, or any one of them, are wanting, there can be no novation. Thus, it must appear that the person substituted for the debtor was, by agreement between the creditor, the debtor, and himself, substituted for the original debtor, who was released from the promise. In other words, it must be shown that the person substituted as the debtor in the place of the person released( ) became such as the result of an agreement in which all three concurred. [Cit.] Further, "the question of the parties' mutual intention for an accord and satisfaction or novation is ordinarily a question of fact reserved for jury determination." [Cit.] And parol evidence is admissible when determining whether a novation has occurred. [Cit.][1]

Finding no evidence that Weinstock agreed to substitute Dr. Fassero for his wife as the sole obligor on the debt, the trial court granted Weinstock's motion for summary judgment.

Although it is true that Weinstock never expressly agreed to release Fassero from liability on her attorney fee debt, it certainly agreed to substitute Dr. Fassero as the primary obligor, as shown by the fact that he was required to make the payments directly to Weinstock. Whether Fassero would remain liable for the debt in the event of a default by Dr. Fassero is a matter the agreement by its express terms simply did not address. By its express terms, the agreement did, however, provide that, if Dr. Fassero defaulted, additional sums would be owed by him. The agreement contained no comparable provision requiring Fassero to pay the attorney fee debt in the event of a default by Dr. Fassero. Fassero testified that it was her understanding that Dr. Fassero was being substituted as sole obligor and that she otherwise would have insisted that he pay the attorney fees in a lump sum rather than periodically. Under the circumstances,

---

[1] *Georgialina Enterprises v. Frakes*, 250 Ga. App. 250, 253-254 (551 SE2d 95) (2001).

whether the agreement created a novation is a question for the jury. As recognized in *Crow v. Cook*,[2] a novation's release of the original debtor and substitution of a new debtor "may be by express terms, or may be inferred from the acts of the parties or by necessary implication from a construction of the new agreement."[3]

Although Fassero is liable to Weinstock for $20,000 in attorney fees incurred in the divorce action and for the additional fees arising from Weinstock's representation of her after the divorce, the court erred in ruling that as a matter of law Fassero is liable to Weinstock for the remaining amounts. Consequently, the court erred in granting Weinstock's motion for summary judgment.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JUNE 12, 2003 — 

*Decker & Hallman, Richard P. Decker*, for appellant.
*Weinstock & Scavo, Michael Weinstock, Adam M. Gleklen, Jami M. Kohn*, for appellee.

---

[2] 215 Ga. App. 558 (451 SE2d 467) (1994).
[3] (Citations and punctuation omitted.) Id. at 561 (1) (a).